[No. 24418. Department Two. August 7, 1933.]

W. E. BUELL *et al., Appellants,* v. THE CITY OF TOPPENISH *et al., Respondents.*[1]

*Bates & Burnett,* for appellants.

*Roscoe Maddox,* for respondents.

*Alex M. Winston, amicus curiae.*

TOLMAN, J.—Appellants, as plaintiffs, brought this action as holders of certain local improvement bonds, then in default, seeking relief under the terms of chapter 52, Laws of 1923, p. 168, as amended by Laws of 1929, p. 143 (Rem. Rev. Stat., § 9154-1). After a trial on the merits, findings of fact were made followed by a judgment dismissing the action. The plaintiffs have appealed.

[1] Reported in 24 P. (2d) 431.

The facts are not at all in dispute, and the sole and only question now presented is as to the construction to be placed upon the word "may" as used in § 1 of the act. Section 1, chapter 52, Laws of 1923, p. 168, as amended, reads:

"Wherever any public water system shall have been constructed within any local improvement district of any city or town of any class for the construction of which bonds of such local improvement district have been issued and are outstanding and unpaid, and such city shall have taken over such system or shall be operating the same as a public utility, or shall have incorporated or connected such system into or with any system operated by such city as a public utility, and from the operation of which such city derives a revenue, such city may by resolution of its city council authorize the issue of bonds to an amount not exceeding the amount of the local improvement bonds issued for the construction of such water systems then outstanding and unpaid with interest due and unpaid, and may redeem such outstanding local improvement bonds by exchanging therefor an equal amount at par of the bonds authorized by this act." Rem. Rev. Stat., § 9154-1.

The trial court found that all of the conditions specified in the act are here existent, and the legal question decided below and to be decided here is whether the word "may" as used in the clause "such city may by resolution of its city council authorize the issue of bonds," etc., is permissive, calling for the exercise of discretion on the part of the city council, or is mandatory, excluding all discretion and requiring such city council to so act whenever the conditions are met.

Appellants rely upon certain well known texts and decisions to the effect that the word "may" is to be construed as meaning "must" or "shall" when public interests or rights are concerned, and when the public or third persons have a *de jure* right

which can only be protected and enforced by such a construction. Black on Interpretation of Laws (Hornbook Series), p. 156 and p. 338; 25 R. C. L. 767. Appellants place their chief reliance upon the case of *Board of Supervisors of Rock Island County v. United States,* 71 U. S. 435, 18 Law Ed. 419.

We accept these authorities as stating the well settled rule of law, and we are heartily in accord therewith, but in one vitally important particular, appellants have failed to bring themselves within that rule.

The authorities cited and all like authorities are based upon the condition that the parties seeking relief by the mandatory construction of the permissive term must have a right, a legal right, which requires such a construction for its protection. Here, appellants have no shadow of legal right. They purchased and became the owners of bonds which, under the law and by their express terms, were not general obligations of the municipality, but which were payable only and solely from special assessments levied upon the property benefited. Appellants have the legal right to exhaust their remedy against the property benefited, and nothing more.

It may be that there has been short-sighted and even reckless conduct on the part of municipal and quasi-municipal authorities in issuing such bonds, but the purchasers, with full knowledge of the law and full opportunity to know the facts, are not themselves blameless. Certainly, they have no legal rights which demand the protection here sought. The rule, as we see it, is made plain by what is said in the following few of many cases which might be cited: *People ex rel. Brokaw v. Commissioners of Highways,* 130 Ill. 482, 22 N. E. 596, 6 L. R. A. 161; *Hayes v. Los Angeles County,* 99 Cal. 74, 33 Pac. 766.

" 'The ordinary meaning of the language must be presumed to be intended, unless it would manifestly

defeat the object of the provisions.' The words in a statute, 'it shall be lawful,' of themselves, merely make that legal and possible which there would otherwise be no right or authority to do. Their natural meaning is permissive and enabling only. But there may be circumstances which may couple the power with a duty to exercise it. It lies upon those who call for the exercise of the power to show that there is an obligation to comply. The lord chancellor said: 'The words "it shall be lawful" confer a faculty or power, and they do not of themselves do more than confer a faculty or power. But there may be something in the nature of the thing empowered to be done, something in the object for which it is to be done, something in the conditions under which it is to be done, something in the title of the person or persons for whose benefit the power is to be exercised, which may couple the power with a duty, and make it the duty of the person in whom the power is reposed to exercise that power when called on to do so . . . ' " 2 Lewis' Sutherland on Statutory Construction (2nd ed.), 1146.

Finding here no right in the bond holders, it follows that there is no duty on the part of the respondent city, and there being no duty, the courts will not interfere with the discretion of the city council.

The judgment of the trial court is affirmed.

BEALS, C. J., MAIN, STEINERT, and BLAKE, JJ., concur.