[No. 32529. *En Banc.* March 25, 1954.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES A. JESSING, *Appellant.*[1]

*Brodie, Brodie & Fristoe*, for appellant.

*Delbert W. Johnson*, for respondent.

SCHWELLENBACH, J.—Our problem is to determine whether or not the trial court abused its discretion in denying defendant's motion to permit him to withdraw his plea of guilty. We shall relate the events in chronological order.

[1]Reported in 268 P. (2d) 639.

*August 28, 1952*: Information filed, charging defendant with crime of robbery.

*August 29, 1952*: Case continued two weeks to September 12, 1952.

*September 12, 1952*: Arraignment. Defendant appeared with his counsel, Roy A. Holland, and entered a plea of not guilty.

*October 3, 1952*: Case set for trial October 22, 1952.

*October 15, 1952*: Notice of withdrawal of Holland as Attorney for Defendant. Letter so advising prosecutor.

*October 15, 1952*: Letter, Holland to Jessing, mentioning Jessing's refusal to call at office as promised. Advised that the trial was set for October 22, 1952, and advised him to obtain another attorney at once.

*October 22, 1952*: Amended information reducing charge to grand larceny.

*October 22, 1952*: Arraignment. Defendant appeared with counsel Roy A. Holland. Prosecutor announced that defendant had agreed to plead guilty to amended information. Jury discharged. Defendant pleaded guilty. Upon request of defendant's counsel, sentencing deferred until October 31, 1952.

*October 31, 1952*: Defendant appeared with counsel, Roy A. Holland, for sentencing. Matter continued to January 9, 1953.

*January 9, 1953*: Matter continued until January 16, 1953.

*January 16, 1953*: Defendant appeared for sentencing with his counsel, Doane Brodie. Defendant's counsel asked for more time to investigate. Matter continued to January 30th.

*January 22, 1953*: Motion by defendant (through counsel, Brodie, Brodie & Fristoe) for permission to change plea from guilty to not guilty, supported by affidavits of defendant, his sister and his wife, to the effect that, on the day the offense was committed, the defendant was too intoxicated to form an intent to commit a crime.

*January 30, 1953*: Matter continued to February 6, 1953.

*February 13, 1953*: Matter came on for hearing. Defendant was sworn and testified that after Holland had served notice of withdrawal, defendant attempted to employ other counsel; that his friends prevailed upon Holland to represent him and that Holland agreed to appear with him October 22, 1952, but only for the purpose of representing him upon his entry of a plea of guilty to the reduced charge;

that defendant felt that he had no other choice as it would be futile to go to trial without an attorney who could adequately defend him. Matter continued to February 27, 1953.

*February 17, 1953*: Affidavit of Roy A. Holland stating that he had been preparing a defense for defendant, but that defendant had failed to return to his office as he had promised; that after serving the notice of withdrawal defendant's friends requested him to reconsider; that he told them he would appear only for the purpose of representing defendant at the arraignment on the reduced charge to grand larceny; that in his opinion he felt defendant should plead guilty and that under no circumstances would he represent defendant at a trial.

*February 27, 1953*: Order denying motion for change of plea. The court found "no sufficient cause or reason to justify his change of plea." Matter continued to March 20, 1953.

*March 20, 1953*: Judgment and sentence. It recited, with reference to the entry of the plea of guilty, "and it appearing and the Court having been advised by the defendant that he understood the nature of the charge and was ready and willing to enter his plea, and it appearing and the Court having determined that the defendant was capable of and was exercising a free and rational choice, the defendant, he then being represented by his then counsel, Roy A. Holland, was then arraigned and entered his plea of guilty to the crime charged in the amended Information, . . ."

■ At any time before entry of judgment, the trial court may permit a plea of guilty to be withdrawn and other plea or pleas to be substituted. RCW 10.40.170. Appellant's motion to withdraw his plea of guilty having been made prior to the entry of judgment, it was timely made.

■ Motions of this kind are addressed to the sound discretion of the trial court, to be exercised liberally in favor of life and liberty. When such discretion has been exercised, the action of the trial court will not be disturbed on appeal, except upon a showing of abuse of discretion. *State v. Rose*, 42 Wn. (2d) 509, 256 P. (2d) 493, and cases cited therein.

When the trial judge ruled on the motion for permission to withdraw the plea of guilty and to enter a plea of not guilty, he had the entire record before him. He had

examined the affidavits of appellant, his sister, and his wife, in support of the motion. He had heard the testimony of appellant on February 13, 1953. He had examined the affidavit of Roy A. Holland, a reputable attorney, concerning his actions in appellant's behalf. With all of this knowledge, and realizing his discretion should be exercised liberally in favor of life and liberty, he was confronted with this problem: Was appellant's plea of guilty to grand larceny given while exercising a free and rational choice of either taking a chance on being convicted of robbery, or of pleading guilty to a lesser charge; or was it given under compulsion, in that he had no other choice as it would be futile to go to trial without an attorney who could adequately defend him? The trial judge knew, from the record before him, that when the motion to withdraw the plea of guilty was first made on January 22nd, it was upon the ground that on the day the offense was committed, appellant was too intoxicated to form an intent to commit a crime. The court evidently concluded that the later claim of acting under compulsion was an afterthought, and was not made in good faith.

One who seeks to establish that he did not competently and intelligently waive his constitutional right to counsel has the burden of proof. *Johnson v. Zerbst*, 304 U. S. 458, 468, 82 L. Ed. 1461, 58 S. Ct. 1019, 146 A. L. R. 357.

From our examination of the record, we are satisfied that the trial court was justified in finding that appellant's plea of guilty to grand larceny was not given under compulsion, but rather that he, while represented by counsel, exercised a free and rational choice between taking a chance on being convicted of robbery or pleading guilty to a lesser charge. The trial court did not abuse its discretion in denying appellant's motion to withdraw his plea of guilty.

The judgment and sentence is affirmed.

MALLERY, HILL, HAMLEY, DONWORTH, WEAVER, and OLSON, JJ., concur.

FINLEY, J. (dissenting)—Prior to the time appellant pleaded guilty to an amended information charging him

with grand larceny, there had been a dispute between him and his attorney, Mr. Roy A. Holland. On October 15, 1952, appellant's attorney withdrew from the case as counsel for the defense. On that date, he wrote a letter to appellant, advising that the case was set for trial on October 22, 1952, and that appellant would have to obtain another attorney and should do so at once. Appellant claims that he made an effort to obtain another attorney but was not successful in his attempt to do so. In the meantime, his original attorney agreed to represent him at his arraignment on October 22, 1952, provided he would plead guilty to the reduced charge of grand larceny. That is what happened on October 22, 1952. Sentencing of appellant was deferred until October 31, 1952. On that date, appellant appeared again with his attorney, Mr. Holland, for sentencing. The matter was continued to January 9, 1953, and subsequently was continued to January 16, 1953, when appellant appeared with another attorney, Mr. Doane Brodie, who secured a continuance to January 30, 1953. On January 22nd, Mr. Brodie moved that appellant be permitted to change his plea to not guilty. After further continuances, and a hearing on the motion for change of plea, the motion was denied on February 27, 1953. Appellant was sentenced on March 20, 1953. He has appealed from the denial of the motion for change of plea.

At this point, I wish to emphasize that the legislation in RCW 10.40.170 provided:

"Plea of guilty. The plea of guilty can only be put in by the defendant himself in open court. At any time before judgment, the court may permit the plea of guilty to be withdrawn and other plea or pleas substituted."

I realize we have considered, and apparently construed, RCW 10.40.170 in a number of cases, saying that it is the law of this state that disposition of a motion for a change of plea timely made is within the discretion of the trial judge, and that his action will not be disturbed on appeal except upon a showing of abuse of discretion. *State v. Hensley*, 20 Wn. (2d) 95, 145 P. (2d) 1014; *State v. Rose*, 42 Wn. (2d) 509, 256 P. (2d) 493. However, considering the language of

the statute, it occurs to me that the view expressed in our above-mentioned decisions may be considerably more restrictive of a criminal defendant's rights than the view taken, and the intent expressed, by the legislature in enacting RCW 10.40.170. In any event, the discretion which is to be exercised in such matters by the trial court is not an absolute one, the exercise of which will not be reviewed. 14 Am. Jur. 960.

Whether or not appellant, who was not satisfied with the advice of his attorney, knew that he could, if he was without funds, have the court appoint another attorney to advise and represent him; and whether or not he knew that he could ask for a continuance on the matter of his making a formal plea to the charges; and despite the fact that subtle distinctions can be spelled out on the basis of these factors or appellant's knowledge concerning them, it seems to me that, contrary to fundamental due process concepts of fair play, he was under considerable compulsion to plead guilty when he did so on October 22nd.

I do not intend any criticism of Mr. Holland. He had the right to do exactly as he did. However, the choice of plea by an accused is a matter to be determined freely and voluntarily by him and by no one else, not even his attorney. In line with this thought, an admittedly general statement, but certainly a tolerant and enlightening one (citing cases), is found in 14 Am. Jur. 961, § 287, as follows:

"Circumstances Warranting Granting or Refusal of Withdrawal.—As in other cases of discretionary power, no general rule can be laid down as to when a defendant will be permitted to withdraw his plea. The decision in each case must depend to a great extent on the particular attendant circumstances. Generally, however, it may be said that the withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty. Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or

under a misconception of the nature of the charge, through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury. If such a plea has been received by the court without observance of the precautions and solemnities required by law, the court should permit the plea to be withdrawn. On the other hand, if a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandingly and without fear or persuasion, the court may, without abusing its discretion, refuse to permit him to withdraw it."

Under the circumstances in the instant case, I do not think a free and voluntary choice was open to appellant. At any rate, what harm could have resulted from permitting him to change his plea to not guilty, since he attempted to do so before sentence was imposed and, consequently, before he had an opportunity to take a gamble on whether the sentence imposed by the court would seem to him like a good deal or a bad one? I would reverse and remand, with instructions to vacate the judgment and sentence and to grant the appellant's motion.

GRADY, C. J., concurs with FINLEY, J.,