[No. 32784. Department Two. July 2, 1954.]

*In the Matter of the Application for a Writ of Habeas Corpus of* NELSON IRVING ALLEN, *Respondent,* v. JOHN R. CRANOR, *as Superintendent of the State Penitentiary, Appellant.*[1]

*The Attorney General* and *Cyrus A. Dimmick, Assistant,* for appellant.

*James Tynan* and *John M. Warnock,* for respondent.

PER CURIAM.—Pursuant to an order of this court, respondent's petition for a writ of *habeas corpus* was referred to the superior court for Yakima county with directions to accord respondent "a hearing upon the question of his understanding that a minimum term would be fixed by the state parole board, and that, by reason of such understanding, his plea of guilty was made."

[1] Reported in 272 P. (2d) 153.

After holding a hearing in pursuance of the order of this court, the trial court made findings of fact as to which no effective error has been assigned by appellant in compliance with Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953. Based on these findings, the trial court entered an order granting the writ of *habeas corpus*, setting aside respondent's plea of guilty, and ordering that he be returned to the Yakima county jail and dealt with by the superior court for Yakima county in accordance with law.

Appellant prosecuted this appeal from the order granting the writ of *habeas corpus*.

According to the trial court's findings of fact (which we must accept as the facts in this case), respondent was deprived of due process of law because he was misled by the prosecuting officials, and particularly by a deputy sheriff, into believing that the board of prison terms and paroles had authority to set a minimum term of his confinement if he pleaded guilty to the information charging him with carnal knowledge of a girl under the age of ten years.

At the time that respondent pleaded guilty to this charge (May 22, 1951), the board of prison terms and paroles under RCW 9.95.010 had no authority to set any minimum sentence as to him, and respondent by his plea of guilty doomed himself to imprisonment for the rest of his natural life. *Thorne v. Callahan*, 39 Wn. (2d) 43, 234 P. (2d) 517.

We said in the *Thorne* case, *supra*, that the fact that the legislature had enacted chapter 238, Laws of 1951, p. 756, amending RCW 9.95.010, Rem. Supp. 1947, § 10249-2, in certain particulars, had no bearing on that case. The same statement applies to this case, since the offense with which respondent was charged is alleged to have occurred prior to the taking effect of chapter 238, Laws of 1951.

Though the situation existing in this case is not as aggravated as that described in *Thorne v. Callahan*, *supra*, the facts found by the trial court clearly support the granting of the writ under the rationale of that case.

Consequently, the order of the superior court must be, and hereby is, affirmed.