[No. 32977. Department One. May 5, 1955.]

THE STATE OF WASHINGTON, *Respondent*, v. HARRY B. GALLAGHER, *Appellant*.[1]

[1]Reported in 283 P. (2d) 140.

*R. R. Bob Greive* and *Charles J. Law,* for appellant.

*Charles O. Carroll* and *Laurence D. Regal,* for respondent.

SCHWELLENBACH, J.—Harry B. Gallagher was tried in the superior court for King county on two counts charging forgery in the first degree, and on December 16, 1953, was found guilty on both counts. When the verdict was announced, the defendant gave oral notice of appeal. The judgment and sentence was entered on December 31, 1953. On the same day, a motion for new trial was filed. This motion was heard and denied on February 5, 1954.

April 8, 1954, Gallagher filed a motion to vacate the judgment, under authority of RCW 4.72.010, subsections (1) and (3), which provide that the superior court may vacate a judgment

" . . . (1) By granting a new trial, within the time and in the manner, and for any of the causes prescribed by the sections relating to new trials; . . . (3) For mistakes, neglect, or omission of the clerk, or irregularity in obtaining the judgment or order; . . ."

June 18, 1954, the trial court entered an order denying the motion to vacate the judgment, and it is from this order that defendant appeals.

We quote the motion to vacate:

"Comes now, R. R. Greive, and moves the court for an order vacating and/or modifying the judgment No. 28082, the State of Washington vs. Harry B. Gallagher, entered into December 31, 1953, in which the above named defendant was sentenced on a conviction of a crime of forgery in the first degree, Counts I and II, and he prays for a vacation or modification on the grounds that there was a mistake, neglect or omission of the clerk, or irregularity in obtaining the judgment or order, and also on the grounds that no service

of the sentence or judgment in this cause was made on the defendant or his attorney, and thus was a violation of the 14th Amendment of the Constitution of the United States.

"GREIVE AND LAW<br>"By [signed] R. R. BOB GREIVE"

Appellant contends that he should have a new trial on the ground of newly discovered evidence. In support thereof, on the day the motion was filed, there was filed an affidavit by a woman, and on the following day there was filed an affidavit by a man, both of which affidavits might lead one to believe that the defendant was not entirely normal, but neither of which tended to show that he was insane. Furthermore, there was no allegation of diligence, as required by RCW 10.67.020.

Included in the record on appeal is a statement of facts, certified by the trial judge, showing what transpired at the time of sentencing. Although the printed judgment and sentence recites that "The Defendant was then asked if he had any legal cause to show why judgment should not be pronounced against him," the record seems quite clear that the question was not asked of him. RCW 10.64.040 provides:

"When the defendant appears for judgment, he must be informed by the court of the verdict of the jury, and asked whether he has any legal cause to show why judgment should not be pronounced against him."

In *State v. Scott,* 101 Wash. 199, 172 Pac. 234, in referring to an application made under Rem. Code, § 464 (identical with RCW 4.72.010), we said:

"In such a case, it is elementary that the judgment, unless absolutely void, is entitled to every reasonable intendment in its favor and will not be set aside except upon a clear showing of irregularity or fraud in its procurement and a tender and adjudication of a *prima facie* defense on the merits."

Assuming that the failure to ask the defendant if he had any legal cause to show why judgment should not be pronounced against him constituted an irregularity in obtaining the judgment, the trial court, in ruling on the motion to vacate, was entirely justified in denying the motion, be-

cause there was no showing by the defendant that such an irregularity deprived him of any substantial right.

In ruling on motions to vacate judgments, trial courts are governed by the procedure set out in Rule of Pleading, Practice and Procedure 13, 34A Wn. (2d) 77:

"In all cases in which it is provided by Rem. Rev. Stat., §§ 303, 464-473 [P. C. §§ 8336, 8130-8139], R. C. W., §§ 4.32-.240, 4.72.010-4.72.090, that the court may modify, vacate, or relieve a party from any order, judgment, decree, or other proceedings taken against him, application shall be made within one year after entry thereof by motion filed in the cause stating the grounds upon which relief is asked, and supported by the affidavit of the applicant or his attorney setting forth a concise statement of the facts or errors upon which the motion is based, and if the moving party be a defendant, the facts constituting a defense to the action or proceeding."

Here there was no affidavit by the applicant or his attorney in support of the motion; there was no affidavit by the applicant or his attorney setting forth a concise statement of facts or errors upon which the motion was based; there was no affidavit by the applicant or his attorney setting up facts constituting a defense to the action. Nothing was done, no showing was made, which would warrant the granting of the motion to vacate the judgment and sentence.

The order appealed from is affirmed.

HAMLEY, C. J., DONWORTH, FINLEY, and OTT, JJ., concur.

---

June 24, 1955. Petition for rehearing denied.