[No. 38761. Department Two. May 26, 1966.]

*In the Matter of the Application for a Writ of Habeas Corpus of* CALVIN CHARLES DARNELL, *Petitioner, v.* ERNEST C. TIMPANI, *as Superintendent of the Washington Correction Center, Respondent.*\*

*Bradford A. Caffrey,* for petitioner.

*The Attorney General* and *Stephen C. Way, Assistant,* for respondent.

REVELLE, J.†—Professing innocence to his attorney, defendant pleaded not guilty to four counts of grand larceny. Eighty-two days later, he came before the court to permit him to change his plea from "not guilty" to "guilty" to one count. Sometime preceding the hearing, there had been a conference between his attorney and the prosecutor concerning a change of plea. The hearing opened with a statement by defendant's attorney:

> [T]his morning Mr. Darnell is here in court for the purpose of changing his plea to guilty to one count of Grand Larceny. It is my understanding that the Prosecutor has so moved that the three other counts be dismissed and after a formal plea has been entered, it will be recommended on his behalf, on behalf of the defendant, that he be given a deferred sentence by the Court. I have some further argument with reference to the question for motion for the deferred sentence, but I will present it at a later time, if the Court wishes.

\*Reported in 414 P.2d 782.

†Judge Revelle is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

The court then proceeded to permit withdrawal of the plea to count No. 1 and the substitution of a plea of guilty. After hearing testimony of the policeman as to the facts of the crime and testimony of defendant as to his personal history but not as to the crime, the court continued the sentencing hearing for presentence investigation report and allowed the defendant freedom on his personal recognizance.

At the resumed sentencing hearing, 2 months later, the attention of the prosecutor, defendant and his attorney and the court was focused on disposition problems arising out of defendant's draft status, previous record and being under United States charges of forgery committed while free on his personal recognizance here. The prosecutor recommended a sentence to the state institution, defendant's attorney urged suspension and probation, and the court orally announced the sentence to the state institution.

By inadvertence, the prosecutor at no time recommended a deferred sentence or moved to dismiss the other three charges. Recognizing this immediately after the hearing, the prosecutor brought the defendant and his attorney before the court 1 week later and asked that the defendant be allowed to withdraw his plea and be resentenced.[1] The defendant's attorney asked for the "opportunity for this man to be rearraigned on this particular charge."

[1] The prosecutor's frank and commendable statement was: ". . . this defendant was before the Court and he is here now with his counsel, John Slater. At that time the defendant pleaded guilty, evidence was given by an officer, and the Court entered its oral pronouncement in sentencing the defendant to fifteen years in the Department of Institutions. Now, right after that hearing, I recalled a conversation with defendant's counsel previous to the plea—and I had indicated in my conversation with Mr. Slater that it was my intention to recommend a deferred sentence. As a matter of fact, at the time of the plea and after reading the pre-sentence investigation, I believe I stated to the Court I didn't see much help outside for this man and he should have the assistance of the authorities of the institution and in doing so completely forgot my conversation with Mr. Slater, and in view of the fact that I have no way of evaluating whether that conversation might have had a bearing on the defendant's plea, we are this morning at my request to determine— consider the circumstances—whether the defendant wishes to withdraw his plea and perhaps be resentenced or allow the Court to know the facts in the case and make what determination it wishes."

The court treated this as a motion for withdrawal of the plea of guilty and substitution of plea of not guilty and, after argument, denied it as being within his discretion. Sentence to the institution previously announced was signed and entered.

No motion was ever made nor order ever entered dismissing the other three charges.

By the prosecutor's own statement, there is no question that the plea of guilty was entered upon the promise that the prosecutor would make two recommendations to the court: (1) that defendant should be given a deferred sentence, and (2) that the other three charges should be dismissed. It is clear also that the defendant and his counsel realized that the court would not be bound by such recommendations.

Pleas of guilty based upon a promise of prosecuting officials to recommend a specific sentence, which promise is intentionally or unintentionally *breached by the promisor*, should be set aside under the rationale of *In re Allen v. Cranor*, 45 Wn.2d 25, 272 P.2d 153 (1954), and *Thorne v. Callahan*, 39 Wn.2d 43, 234 P.2d 517 (1951).[2]

Where such a promise is not made, or where such a promise is broken by someone else than the promisor, then such pleas should stand. *State v. Harris*, 57 Wn.2d 383, 357 P.2d 719 (1960); *State v. Jessing*, 44 Wn.2d 458, 268 P.2d 639 (1954); *State v. Baforo*, 146 Wash. 312, 262 Pac. 964 (1928).[3]

When, at the first sentencing hearing, the prosecutor recommended a sentence to the institution, he had breached his own promise upon which the plea of guilty had been made. There was and is no return from that position except to set aside the plea of guilty and require rearraignment.

---

[2] *Pilkington v. United States*, 315 F.2d 204 (1963) and *Smith v. United States*, 321 F.2d 954 (1963), represent authorities where the promise or misrepresentation was made and breached by the judge and the plea set aside upon appeal.

[3] Thus, such promises by prosecuting officials that the court will or will not do something are not binding on the court or the Board of Prison Terms and Paroles. *State v. Harris*, 57 Wn.2d 383, 357 P.2d 719 (1960); 21 Am. Jur. 2d *Criminal Law* § 493.

A completely different situation would have been presented to the court if the prosecutor had recommended deferred sentence and dismissal of charges. Once the prosecutor has failed to recommend deferment, no matter what he admits to subsequently, except by withdrawal of plea, it can never have the same effect as to have done what he promised at the right time. Nor is a deferred sentence recommendation by him, which must be prompted by the defendant, equal to the promise. The defendant or his counsel had no reason to remind the prosecutor of his promise until he had recommended a sentence to the institution. Then, it was too late, for it could never after be an unfettered recommendation of a deferred sentence as promised.

The judgment and sentence is set aside with directions that the prisoner be remanded to the custody of the sheriff of Whatcom County to be dealt with by the superior court of that county to permit withdrawal of plea, rearraignment and disposition according to law in a manner consistent with the views expressed herein.

DONWORTH, WEAVER, HUNTER, and HAMILTON, JJ., concur.