[No. 39900.    Department One.    February 20, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. GERALD L. LARKINS, *Appellant*.*

*Casey & Pruzan*, by *Richard L. Young* and *Jack M. Sawyer*, for appellant.

*Ronald L. Hendry, Joseph D. Mladinov,* and *Eugene G. Olson*, for respondent.

WEAVER, J.—Defendant, Gerald L. Larkins, appeals from an order denying his motion (a) to vacate judgment and sentence for illegal possession of a narcotic drug and (b) to substitute a plea of not guilty.

The motion is based upon an alleged agreement, between defendant's first retained counsel and the deputy prosecuting attorney, that the latter would recommend a suspended or deferred sentence in the event defendant withdrew his plea of not guilty and pleaded guilty.

December 6, 1966, an information was filed against defendant. March 23, 1967, defendant was arraigned and pleaded "not guilty." April 25, 1967, when defendant changed his plea from not guilty to guilty, the trial judge

*Reported in 450 P.2d 968.

was most thorough in his interrogation of defendant to determine whether or not his change of plea was voluntary.[1]

June 15, 1967, defendant was brought before the court for sentencing. A pre-sentence report was less than complimentary; it recommended incarceration.

We deem it significant that, in his statement to the court, the deputy prosecuting attorney not only asked that defendant be committed to the Department of Institutions, but stated that another charge against defendant "will be dismissed if it hasn't already, on the basis of an agreement I made with Mr. Hammermaster [defendant's retained counsel] on a plea on this case . . ."

Both before and after the trial judge indicated that he was not going to defer sentence, defendant, his parents, and his counsel engaged in extensive colloquy with the court. At no time was there the slightest reference to any facts that indicated a "bargained plea" was dependent upon the alleged promise of the deputy prosecutor to recommend a deferred sentence.

July 14, 1967, defendant's first retained counsel withdrew, and his second retained counsel filed a motion to set aside the judgment and sentence. The motion is supported by affidavits of defendant, his father, and his first retained counsel.

---

[1]THE COURT: I'm advised that you desire to change your plea. DEFENDANT: Yes, sir. THE COURT: Mr. Hammermaster is your attorney and you desire that he appear here for you this morning? DEFENDANT: Yes, sir. THE COURT: In changing your plea of guilty, have there been any promises made to you? DEFENDANT: *No, sir.* THE COURT: *Or has there been anybody that forced you to enter a plea of guilty?* DEFENDANT: *No, sir.* THE COURT: *Are you doing so freely and voluntarily?* DEFENDANT: *Yes, sir.* THE COURT: *Are you ready for change of plea at this time?* MR. HAMMERMASTER: *Yes, we are, your Honor.* THE COURT: Gerald L. Larkins, you have been charged by Information with the crime of illegal possession of a narcotic drug on or about the 22nd day of November, 1966, to which charge you have heretofore entered a plea of not guilty. The Court is advised that you desire to change your plea. What is your plea now, therefore, to the charge of illegal possession of a narcotic drug, to-wit: Marijuana, on or about the 22nd day of November, 1966, guilty or not guilty?

DEFENDANT: *Guilty.* (Italics ours.)

Defendant's first counsel alleged under oath in his affidavit:

That Mr. Hayes [deputy prosecuting attorney] definitely stated to affiant that Mr. Hayes would recommend a suspended or deferred sentence.

. . . .

That based upon Mr. Hayes' definite statement of his intention to recommend a suspended or deferred sentence, as well as upon defendant's youth and background, affiant reasonably believed that there was a strong probability of the Court's following such a recommendation by the deputy prosecutor, and therefore affiant advised defendant that his best course of action was to plead guilty.

That defendant expressed his inclination to plead not guilty but finally decided to follow affiant's advice and accordingly plead guilty.

The affidavits of defendant and his father are based upon information given them by counsel. Defendant stated he would not have pleaded guilty had he known the deputy prosecutor would not recommend a suspended or deferred sentence.

Thus, an acute *factual* question is presented: Did the deputy prosecuting attorney "make a deal"?

Several days later, counsel appeared before the court and requested defendant's release on bail, pending disposition of the motion. Bail was refused. The court announced that the motion would not be heard until a transcript of the proceedings on April 25 (change of plea) and June 15 (sentencing) was available. The court also announced that the motion would be heard on affidavits, but that oral testimony would be permitted "on condition that whoever is going to present the oral testimony will advise the other side who is going to testify, so that the other side will have notice of it and be ready to be prepared."

September 14, 1967, defendant's motion to vacate the judgment and sentence came on for hearing before another department of the superior court. The prosecuting attorney's office was remiss; it did not file a controverting affidavit until the morning of the hearing. The omission was

an affront to the trial court and to opposing counsel. Neither side had given notice of taking oral testimony. In a belated attempt to remedy the neglect of the prosecuting attorney's office, the special counsel for the prosecuting attorney made an exhaustive offer of proof that consisted of the affidavit of the deputy prosecuting attorney, controverting defendant's affidavits, and a statement of the proposed testimony of the sentencing judge who was present in court. Had the prosecuting attorney's office lived by the rules of court, this appeal might have been avoided.

The trial judge denied the motion and, in his order, specifically stated that he had received no oral testimony and had not considered the late affidavit of the deputy prosecuting attorney. The trial court's decision was based upon "the transcript of the proceedings to date, and all of the affidavits filed on behalf of defendant." Bail was set at $2,000, pending appeal. The order did not, however, decide the sole factual question then present in the proceedings. Did the deputy prosecuting attorney make a "deal" that was not fulfilled? Was defendant's plea unequivocal, or was it involuntary? Except by possible inference, the trial court's order does not resolve these questions; hence, this appeal.

On appeal, defendant relies entirely on *In re Darnell v. Timpani,* 68 Wn.2d 666, 414 P.2d 782 (1966). In *Darnell,* when defendant changed his plea from not guilty to guilty, his counsel stated to the court that the prosecuting attorney would move to dismiss three other counts and would recommend a deferred sentence. The statement was not controverted by the prosecuting attorney. The sentencing hearing was continued for pre-sentence investigation.

Darnell was sentenced 2 months later. Defendant's counsel urged suspension and probation; contrary to his agreement, the prosecutor recommended a sentence to the state institution, which the trial court accepted.

By inadvertence, the prosecutor at no time recommended a deferred sentence or moved to dismiss the other three charges. Recognizing this immediately after the hearing, *the prosecutor brought the defendant and his attorney before the court* 1 week later and asked that the

defendant be allowed to withdraw his plea and be re-sentenced. (Italics ours.) *In re Darnell v. Timpani*, 68 Wn.2d 666, 667, 414 P.2d 782.

The trial judge denied the motion, ruling the decision was within his discretion. On habeas corpus, this court set the judgment and sentence aside and remanded the case to permit Darnell to withdraw his plea of guilty.

The factual and procedural pattern of cases involving the question of the instant case varies. We find, however, that there is considerably more law in this jurisdiction upon the question involved than is expressed in *In re Darnell*. In fairness to appellate counsel, however, we note that a number of this court's decisions were announced after appellate briefs were filed and the case argued before us.

In *State v. Krois*, 74 Wn.2d 404, 445 P.2d 24 (1968), we reversed a judgment and sentence and directed that the court accept defendant's plea of not guilty, because it was abundantly apparent that the guilty plea was equivocal; hence, involuntary.

In *State v. Allen, ante* p. 17, 448 P.2d 332 (1968), the trial judge *heard the evidence* and found that there had been no conduct or promises on the part of the prosecutor that had prejudiced the rights of defendant; and that he had, in fact, waived his right to withdraw his plea of guilty.

■ Recently, this court announced the rule applicable to "bargained pleas of guilty" in *In re Garrison v. Rhay, ante* p. 98, 449 P.2d 92 (1968):

> The mere fact that a plea of guilty was induced by promises does not vitiate the plea if it was in fact voluntary and if the promises were kept. While we have not enunciated this rule in the affirmative, it is implicit in our holdings in *In re Darnell v. Timpani*, 68 Wn.2d 666, 414 P.2d 782 (1966) (holding that the prosecutor's failure to keep his promises was a sufficient ground for setting aside a conviction and allowing a defendant to change his plea); *In re Salter*, 50 Wn.2d 603, 313 P.2d 700 (1957) (holding that there was no showing of coercion where defendant's plea of guilty was induced by the reduced charge); *In re Allen v. Cranor*, 45 Wn.2d 25, 272 P.2d 153 (1954) (holding that a writ of habeas corpus was properly granted

where evidence showed that the prosecutor had mislead the defendant about the possibility of a minimum sentence, thereby inducing his plea of guilty); and *In re Thompson v. Smith*, 33 Wn.2d 142, 204 P.2d 525 (1949) (sustaining the trial court's finding that there was no coercion, where the prosecutor admitted he told the defendant he would not file habitual criminal charges against him if he would plead guilty to the offense charged, and the prosecutor did in fact abide by the promise).

As the court said in *Cortez v. United States*, 337 F.2d 699 (9th Cir. 1964), the important thing is not that there shall be no "deal" or "bargain," but that the plea shall be a genuine one by a defendant who is guilty, one who understands his situation, his rights, and the consequences of the plea, and is neither deceived nor coerced.

The hearing in the instant case did not resolve the factual question as did the court in *State v. Allen, supra*; nor did the court apply the rule announced in *In re Garrison*. The decision seems to be based entirely upon the discretion of the trial court.

The case is remanded with instructions to the trial court to determine the factual questions presented by defendant's motion and to exercise its discretion in accordance with the rules herein announced.

It is so ordered.

HILL, FINLEY, and ROSELLINI, JJ., and WILLIAMS, J. Pro Tem., concur.