[No. 1034-3.     Division Three.     February 28, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. JOE YATES, *Appellant.*

*Michael R. Pickett* (of *Butler & Pickett*), for appellant (appointed counsel for appeal).

*C. J. Rabideau, Prosecuting Attorney,* for respondent.

PER CURIAM.—Defendant appeals from a judgment and sentence based on a plea of guilty to a charge of forgery in the first degree.

In the spring of 1971, defendant was arrested and charged with the crime of first-degree forgery. Upon pleading not guilty, he was released on his own recognizance. About 3 days before his trial, he fled the state. Two years later he was rearrested in the state of Montana and extradited to Washington. Subsequently, he changed his plea to guilty with the understanding that the prosecutor, at the time of sentencing, would recommend a deferred sentence. When the change of plea was granted, the prosecutor recommended to the court that defendant be released so that he could have a medical evaluation at the Veteran's Hospital in Walla Walla to accompany the presentence investigation. The court released the defendant and, once again, he fled the state. He was again arrested in Nebraska 5 months later and extradited to Washington.

The defendant was sentenced to a state penal institution upon the recommendation of the prosecutor, and based upon a supplemental presentence investigation report. At no time from the defendant's third arrest until his sentencing did he move the court for leave to change his plea of guilty.

The sole issue presented is whether the trial court erred in sentencing the defendant upon his plea of guilty when the prosecutor failed to recommend a deferred sentence. We answer in the negative.

The record is clear that the defendant was not misled so as to believe he would receive the prosecutor's recommen-

dation for a deferred sentence, regardless of his promise to return for sentencing after his medical examination. The understanding between the defendant and the prosecutor was breached by the defendant when he did not return for sentencing. Thus, the prosecutor was no longer required to recommend a deferred sentence for the defendant. *Darnell v. Timpani*, 68 Wn.2d 666, 414 P.2d 782 (1966); *State v. Harris*, 57 Wn.2d 383, 357 P.2d 719 (1960); *State v. Jessing*, 44 Wn.2d 458, 268 P.2d 639 (1954). For this reason the present case is distinguishable from *Santobello v. New York*, 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971).

Judgment affirmed.