[No. 6723-4-II.   Division Two.   November 1, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. PAUL MARTIN ELMORE, *Appellant.*

*Michael Mirra* of *Evergreen Legal Services,* for appellant.

*William H. Griffies, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Deputy,* for respondent.

REED, J.—Paul Martin Elmore is a juvenile.[1] He pleaded guilty on October 19, 1982, to burglary in the second degree and malicious mischief in the third degree. The State concedes that the trial judge's cursory questions to the defendant at his arraignment and the defendant's simple "yes" and "no" answers do not establish on the record that the guilty plea was entered voluntarily and intelligently as required by CrR 4.2.[2] We agree. Defendant is clearly enti-

---

[1]Because Elmore would turn 18 in October 1983, jurisdiction was extended beyond his 18th birthday to carry out the full sentence pursuant to RCW 13.40.300.

[2]CrR 4.2 provides in part:

"**(d) Voluntariness.** The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

tled to have his guilty plea set aside and the case remanded so that he may plead again. *Wood v. Morris,* 87 Wn.2d 501, 554 P.2d 1032 (1976); *State v. Chavis,* 31 Wn. App. 784, 644 P.2d 1202 (1982); JuCR 7.6.

Defendant contends, however, that in his case the remedy of specific performance is available as an alternative to setting aside the plea. He bases his claim on the fact that, in addition to the violation of CrR 4.2 stated above, he was misinformed about the direct consequences of his guilty plea. This court has discretion, according to Elmore, to reduce his sentence to the lesser sentence he was told applied. We do not agree. The remedy of specific performance is not available in this case.

■ It is important to note that Elmore's guilty plea was not entered pursuant to a plea bargain with the State. Defendant signed before arraignment a Statement of Juvenile Offender on Plea of Guilty which gave the standard range of disposition for him on these offenses as 52 to 65 weeks' confinement. In fact, the applicable standard range was 93 to 116 weeks.[3] The court gave defendant a sentence of 93 to 116 weeks' confinement. Clearly, defendant was misinformed about the direct consequences of his guilty plea. He is entitled to have his plea set aside for this reason as well. *Wood v. Morris, supra.*

Defendant relies on *State v. Cosner,* 85 Wn.2d 45, 530 P.2d 317 (1975) and *State v. Cameron,* 30 Wn. App. 229, 633 P.2d 901 (1981) for his claim that specific performance is available to him. These are both cases in which the guilty plea was entered pursuant to a plea bargain. In each case the plea bargain was fully performed by the defendant and the State, but the defendant was misinformed about the

---

[3]The standard range of disposition in the juvenile system is equivalent to a sentence in the adult system. The standard range consists of two figures establishing the minimum and maximum terms to be served. It is determined in part by the juvenile's age, nature of the current offense and his criminal history. *See* RCW 13.40.150 and RCW 13.40.020. *These factors are plugged into a preset matrix.* There is nothing in the record on this appeal to indicate the source of the error underlying the misstatement on Elmore's guilty plea statement.

applicable sentence. The appellate courts ordered specific performance, giving the defendants the benefit of the lesser sentence. In *State v. Cosner, supra,* the appellate court directed the Board of Prison Terms and Paroles to reduce two defendants' prison terms from 7½ years mandatory minimum to 5 years in accordance with their understanding at the time of their plea. In *State v. Cameron, supra,* this court struck the order of restitution from defendant's sentence because he was not informed that restitution could be ordered as part of his sentence. Elmore characterizes these cases as granting specific performance to fulfill an expectation which did not arise from the terms of the plea bargain. Although this is superficially true, it does not follow that these cases stand for the proposition that the court will grant specific performance in the absence of a plea bargain.

These cases involve the overlapping of two well established principles. First, when the guilty–pleading defendant is misinformed about the sentence he can expect to receive, he is entitled to have his guilty plea set aside so that he may plead again. *Wood v. Morris, supra.* Second, misinformation about sentence aside, when the State breaches the plea bargain and defendant has pleaded guilty pursuant to the bargain, he is entitled either to have his plea set aside or to be awarded specific performance of the agreement at the court's discretion. *Santobello v. New York,* 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971); *State v. Pope,* 17 Wn. App. 609, 564 P.2d 1179 (1977). The rationale behind the plea bargain rule is that the defendant in pleading guilty has bargained for certain action by the State. In the usual plea bargain a defendant pleads guilty in exchange for a reduction in the degree of offense charged, dismissal of one or more crimes charged, or recommendation of a more lenient sentence. By pleading guilty a defendant gives up substantial rights: the right to a jury trial, to confront his accusers, to present witnesses in his defense, to remain silent, and to be convicted by proof beyond a reasonable doubt. *See Santobello v. New York, supra* (Douglas, J., concurring). Because the State has bar-

gained for this change in position by the defendant, it is appropriate that the State be held to its bargain by an order of specific performance. *See State v. Pope, supra.* Plea bargains are favored in the law. *Santobello v. New York, supra.* When there is no plea bargain underlying the guilty plea, defendant has not surrendered his rights in exchange for any specific action by the State. To give a defendant in this situation the benefit of a misstated sentence is to give him a windfall at the expense of the criminal justice system. In the absence of a plea bargain, the State is entitled to prosecute a defendant to the full extent of the law. In *Cosner* and *Cameron,* the merger of the plea bargain rule and the direct consequences rule appropriately resulted in an award of specific performance.

Crucially absent from Elmore's case is a plea bargain. His case falls squarely under the direct consequences rule. He was told his sentence would be 52 to 65 weeks' confinement for the offenses charged; he pleaded guilty; the 93– to 116–week sentence actually received was nearly twice as long as anticipated. His rights will be fully vindicated by allowing him to withdraw his guilty plea and plead anew, if he so desires. The remedy of specific performance is not available to him.

It is so ordered.

WORSWICK, A.C.J., and PETRIE, J., concur.