[No. 20786–5–I.   Division One.   May 1, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. JAYME E. MERZ, *Appellant*.

*Rita Griffith* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Constance M. Crawley* and *Ellen Jennie Groman, Deputies,* for respondent.

WEBSTER, J.—Jayme Merz, a juvenile offender, appeals an order sentencing him to 208 weeks' maximum detention—beyond the standard range of 103 to 129 weeks.

## FACTS

Merz and an adult, who was a cohabiting companion of Merz's mother, visited the home of an elderly man who had befriended them both and lent the adult money in the past. Merz knew that the adult might murder the man if the man refused to lend the adult more money. When Merz's partner asked for another loan, and the old man refused to make it, a brutal murder and robbery ensued. The adult attacked the man from behind, hitting him in the head with a hammer several times while Merz watched. Merz did not assist in the murder, fearing he might be caught, but he did follow the adult's instructions to watch over the unconscious and bleeding victim. Merz left with the victim's wallet, gave it to his companion, and retained some coins he had taken from the victim's home.

The State charged Merz and the adult with first degree murder. Merz pleaded guilty to lesser charges of first degree robbery and first degree criminal assistance pursuant to a plea agreement. As part of the agreement, Merz promised to testify truthfully in a murder prosecution of the adult, and the prosecutor agreed by letter that "the State" would recommend a sentence within the standard range.

At Merz's plea hearing, the prosecutor recommended a sentence of 103 to 129 weeks, reflecting the standard range. She noted for the record that probation officials were reserving their recommendations until a later date. Defense

counsel confirmed that nobody had promised Merz any-
thing other than what the prosecutor had recommended to
the court. The judge read Merz's plea statement into the
record, eliciting "yes" and "no" answers from Merz to
ensure the accuracy of his plea. But the judge did not
inquire into the terms of the plea agreement. Probation
officials were not ready with their recommendation, so the
court continued the matter for 14 days.

A dispositional hearing followed, at which the prosecu-
tion reiterated its recommendation of a standard range
sentence. Merz's probation counselor asked for 4 years of
confinement and treatment, which substantially exceeded
the 103– to 129–week standard range. The counselor pre-
sented a psychological evaluation and a presentence report
in support of her recommendation. Defense counsel had
previously received the report and evaluation, and the court
had read the evaluation "two or three times."

Defense counsel claimed at the dispositional hearing that
the evaluation had come as a complete surprise to him
when he first received it. Counsel acknowledged that he was
advised of the possibility of an exceptional sentence after
the plea hearing, but counsel argued that he and his client
should have received notice before Merz pleaded guilty.
Counsel also argued that he believed the evaluation was
more for the purpose of assessing placement alternatives
than sentencing length.

Counsel did not seek a change of plea or a continuance.
Instead, counsel maintained that the psychological evalua-
tion did not support a manifest injustice finding. Counsel
pointed to Merz's nonviolent history, tragic upbringing, and
satisfactory school record. The psychologist conceded these
factors but disputed defense counsel's claim that Merz had
shown remorse. The psychologist also took issue with coun-
sel's assertion that Merz would be an "entirely different
person" after 2 years of treatment. The psychologist con-
sidered counsel "naive" to assume that Merz would be sub-
stantially rehabilitated in 2 years and recommended
instead a sentence of at least 4 years.

The juvenile court declared pursuant to RCW 13.40-.160(1) that a sentence within the 103– to 129–week standard range would be a "manifest injustice". The court cited three reasons: (1) the brutality of the offense, (2) the vulnerability of the victim, and (3) Merz's lack of remorse. The court noted that Merz did not strike the victim and that "substantial and compelling reasons" were required to go beyond the standard range. But the court concluded based on the psychologist's evaluation and testimony that Merz needed at least 4 years of treatment.

### Plea Agreement

Merz argues that the probation counselor denied him the benefit of his bargain with "the State" when she recommended a sentence beyond the standard range.

In *State v. Harris,* 57 Wn.2d 383, 357 P.2d 719 (1960), a prosecutor obtained a guilty plea by assuring the defendant that both he and the trial court would recommend a minimum sentence to the Board of Prison Terms and Paroles. 57 Wn.2d at 384. The Supreme Court ruled that the trial court was not required to make a recommendation to the board despite the prosecutor's assurance. *Harris* stands for the proposition that "promises by prosecuting officials that the court will or will not do something are not binding on the court". *Darnell v. Timpani,* 68 Wn.2d 666, 668 n.3, 414 P.2d 782 (1966); *accord,* RCW 9.94A.090(2); *State v. Jones,* 46 Wn. App. 67, 70, 729 P.2d 642 (1986).

We doubt that Merz interpreted "State" to include the probation counselor. But even if he did, the probation counselor was not a party to the plea agreement and therefore not bound by it. *See Harris.* The prosecution lacked authority to speak for the probation counselor, just as it lacked authority in *Harris* to speak for the court. Probation counselors are agents of the juvenile court, not the prosecution. *See* RCW 13.04.035, .040, 13.40.130(7). Counselors may recommend exceptional sentences even when their recommendations conflict with those of the prosecution. *State v. Murphy,* 35 Wn. App. 658, 666–67, 669 P.2d 891

(1983). Merz concedes that the juvenile court was not bound by the plea agreement. If the court was not bound, neither was the probation counselor.

Merz received the benefit of his bargain when the prosecution twice recommended a standard range sentence. There being no breach, Merz is not entitled to any relief under the agreement. *See State v. Jones, supra; State v. Music,* 40 Wn. App. 423, 426–28, 698 P.2d 1087 (1985); *State v. James,* 35 Wn. App. 351, 355, 666 P.2d 943 (1983). Merz does not seek to withdraw his plea, so we need not decide whether he could do so now on the ground that it was involuntary or induced by mistake. *Cf.* JuCR 7.6; CrR 4.2 (withdrawal permitted if necessary to correct manifest injustice); *State v. Elmore,* 36 Wn. App. 38, 39, 671 P.2d 292 (1983) ("defendant's simple 'yes' and 'no' answers do not establish on the record that the guilty plea was entered voluntarily"); *United States v. Crusco,* 536 F.2d 21 (3d Cir. 1976) (reasonable misunderstanding that defendant's 7–year maximum term included 3–year probationary period entitled defendant to withdraw plea).

We affirm.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

COLEMAN, C.J., and WINSOR, J., concur.

Review denied at 113 Wn.2d 1002 (1989).