[No. 7334–3–III.   Division Three.   December 2, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. MARK L. JONES, ET AL, *Appellants.*

*Walter E. Curnutt,* for appellants.

*Joseph Panattoni, Prosecuting Attorney,* and *Thomas A. Haven, Deputy,* for respondent.

MUNSON, J.—Mark and Denise Jones appeal from the trial court's denial of their motion to withdraw their pleas following that court's refusal to follow the prosecuting attorney's sentencing recommendation as to Mrs. Jones. We affirm.

The Joneses were charged with felonious possession of a controlled substance, marijuana. RCW 69.50.401(a). Apparently, both counsel believed there might be a problem with a search upon which the charge was based and the parties

entered into a plea agreement. Mr. Jones agreed to plead guilty as charged with the prosecutor making no sentencing recommendation. Mrs. Jones agreed that the felony charge would be amended to a misdemeanor, *i.e.,* possession of under 40 grams of marijuana (RCW 69.50.401(e)), and the prosecutor agreed to recommend that she serve no time in jail because there were two small children at home.

On May 21, 1985, the information had been amended pursuant to the plea agreement as to Mrs. Jones, and the Joneses pleaded guilty to their respective charges. A statement on plea of guilty was filed as to Mr. Jones; no such statement was filed as to Mrs. Jones.[1] Sentencing was set for a future date.

The terms of the plea agreement were not recited to the court until the date of sentencing, August 5, 1985. The court accepted the plea agreement, but declined to follow the prosecutor's sentencing recommendation for Mrs. Jones. It sentenced Mr. Jones to 90 days in the county jail; Mrs. Jones was also sentenced to serve 90 days, with 60 days suspended. Defense counsel objected to the court's refusal to accept the sentencing recommendation and moved that the Joneses be permitted to withdraw their pleas. The court continued the sentencing to a future date to permit counsel to argue the motion. That motion was subsequently denied and this appeal ensued.

The Joneses contend they should have been allowed to withdraw their guilty pleas when the court decided not to follow the sentencing recommendations of the prosecuting attorney because both RCW 9.94A.090 and CrR 4.2(f)[2]

---

[1]At oral argument, the prosecutor stated he did not believe at the time the plea was entered that a statement of defendant on plea of guilty was required when the plea of guilty was to a misdemeanor. Apparently, this belief is commonly held by prosecutors throughout the state.

[2]CrR 4.2(f) provides:

"The court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice. *If the defendant pleads guilty pursuant to a plea agreement and the court later determines under RCW 9.94A.090 that the agreement is not binding, the*

require the court to permit them to do so under such circumstances. Those provisions do apply to the instant case; they do not require that the Joneses be allowed to withdraw their pleas under the facts presented here. The superior court has concurrent jurisdiction with the district (justice) court over misdemeanor violations set forth in RCW 69.50. *See* Const. art. 4, § 6 (amend. 65); RCW 3.66-.060; RCW 2.08.010. Inasmuch as both defendants were charged initially with felonies, the Sentencing Reform Act of 1981, RCW 9.94A, is applicable. RCW 9.94A.090(1) provides:

> If a plea agreement has been reached by the prosecutor and the defendant pursuant to RCW 9.94A.080, they shall at the time of the defendant's plea state to the court, on the record, the nature of the agreement and the reasons for the agreement. The court, at the time of the plea, shall determine if the agreement is consistent with the interests of justice and with the prosecuting standards. *If the court determines it is not consistent with the interests of justice and with the prosecuting standards, the court shall, on the record, inform the defendant and the prosecutor that they are not bound by the agreement and that the defendant may withdraw the defendant's plea of guilty,* if one has been made, and enter a plea of not guilty.

(Italics ours.)

We preface our discussion of the Joneses' contention by noting a written statement of defendant on plea of guilty was not filed on behalf of Mrs. Jones. The Superior Court Criminal Rules are applicable to all criminal proceedings in that court, including gross misdemeanors and misdemeanors. No distinction is set forth within those rules based upon the classification of crimes. However, error was not assigned to this oversight; we find no error.[3]

---

*court shall inform the defendant that the guilty plea may be withdrawn and a plea of not guilty entered.*" (Italics ours.)

[3]The terms of the plea agreement were also not brought to the court's attention until the time of sentencing; this may be construed as conflicting with CrR 4.2(e). This practice apparently occurs routinely because at the time the defend-

Further, neither RCW 9.94A.090 nor CrR 4.2(e), which incorporates essentially the statutory language, requires that the plea agreement be set forth in writing. Both merely require that it be stated on the record to the court.[4] These provisions were met here as the report of proceedings indicates the court was informed on the record at the time of sentencing as to the nature of the agreement and the reason Mrs. Jones entered into it. We turn to the issue at hand.

Mrs. Jones is essentially contending the court found the plea agreement neither consistent with the interests of justice nor with the prosecuting standards; such an argument is not well taken. The court evidenced no difficulty in understanding the reason for the reduction of the charge from a felony to a misdemeanor; it accepted that agreement. Rather, the court merely disagreed with the prosecutor's sentencing recommendation of no jail time for Mrs. Jones. The sentencing judge is accorded this right. RCW 9.94A.090(2) states: "The sentencing judge is not bound by any recommendations contained in an *allowed* plea agreement and the defendant shall be so informed at the time of plea." (Italics ours.)

Here, the prosecutor upheld his end of the bargain; Mrs. Jones does not dispute that he fully complied with the plea agreement. Nor is there a contention that the prosecutor promised or guaranteed that she would receive no jail time;

---

ant originally makes his or her plea, the court often does not have the benefit of a presentence investigation or any other report with respect to the defendant's criminal history. Consequently, prior to sentencing the court is unable to determine whether the agreement is consistent with "the interests of justice and with the prosecuting standards, . . ." RCW 9.94A.090(1). We find no error, nor is any assigned to the plea procedure utilized here.

[4]Paragraph 10 of the sample written statement of defendant on plea of guilty set forth in CrR 4.2(g) states: "No person has made promises of any kind to cause me to enter this plea except as set forth in this statement." The form does not specify the provisions of a plea agreement. It should be enlarged to do so, otherwise, it becomes a misstatement. We note paragraph 11, which is utilized principally to set forth the sentencing recommendation of the prosecuting attorney, does contain space for interlineating that recommendation.

he merely promised to recommend no jail time, a promise which he fulfilled.

Further, there is no dispute that Mrs. Jones was informed at least once, and understood that the sentencing judge was not bound by the prosecutor's sentencing recommendation. There is no contention Mrs. Jones was not informed of the standard sentencing range or of the maximum sentence she could receive on the amended charge. Nor does she contend she did not enter into the plea agreement voluntarily. Therefore, it appears Mrs. Jones was informed of all the direct consequences of her plea prior to the court's acceptance of her plea to the reduced charge. *State v. Barton,* 93 Wn.2d 301, 305, 609 P.2d 1353 (1980); *State v. Music,* 40 Wn. App. 423, 698 P.2d 1087 (1985). Consequently, we find no error.

Mr. Jones raises no contentions other than those set out in the appellant's brief with respect to Mrs. Jones. Although there is a reference in the brief with respect to the court's failure to follow "the joint recommendations of the prosecutor," there is nothing in this record to show Mr. Jones' plea was conditioned upon reduction of Mrs. Jones' charge or upon the court accepting the sentencing recommendation with respect to Mrs. Jones. Consequently, we find no error with respect to the court's failure to allow him to withdraw his plea of guilty.

Because the prosecutor fulfilled both parts of his plea agreement with respect to Mrs. Jones, because the court accepted that plea agreement except with respect to the sentencing recommendation, as was its right, and because the Joneses were informed the court need not accept the State's sentencing recommendation, we conclude neither RCW 9.94A.090 nor CrR 4.2(f) requires the court to allow them to withdraw their pleas. We find no error.

Judgment is affirmed.

McINTURFF, A.C.J., and THOMPSON, J., concur.