[No. 11790-1-III. Division Three. February 11, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. RANDY LEE
KOIVU, *Appellant.*

*Richard W. Sanger* and *Sanger & Bartoletta,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Kevin M. Korsmo, Deputy,* for respondent.

SWEENEY, J. — Randy Lee Koivu was charged with one count of first degree rape of a child. In exchange for his plea of guilty to first degree child molestation, the prosecutor agreed to recommend a sexual offender sentencing option if a presentence investigation report indicated Mr. Koivu was amenable to treatment. The prosecutor further agreed to obtain an agreement that similar charges would not be filed against Mr. Koivu in Idaho. The presentence report indicated that Mr. Koivu was not amenable to treatment. The State recommended an exceptional sentence of 120 months, which the court imposed. Mr. Koivu appeals. We affirm.

## FACTS

By information dated January 29, 1991, Mr. Koivu was charged with one count of rape of a child in the first degree. RCW 9A.44.073. Based on his offender score of 0, the offense carried a standard range sentence of 78 to 102 months. RCW 9.94A.310. In exchange for Mr. Koivu's promise to plead guilty, the prosecutor reduced the charge to first degree child molestation. RCW 9A.44.083. The prosecutor further agreed to (1) recommend a sexual offender sentencing option if Mr. Koivu was amenable to treatment; and (2) obtain a confirmation from authorities in Clearwater County, Idaho, that similar charges would not be filed against Mr. Koivu there. The standard range for the child molestation count was calculated to be 51 to 68 months.

At a plea hearing, the court informed Mr. Koivu that the court would consider, but was not bound by, the prosecutor's sentencing recommendation. The court asked Mr. Koivu if that was clear. Mr. Koivu responded, "Yes, sir." Mr. Koivu admitted he had sexual contact with the victim and the court accepted his plea as voluntarily and knowingly made. The court ordered a presentence report.

At Mr. Koivu's sentencing hearing, the prosecutor informed the court that the presentence report indicated that Mr. Koivu was not amenable to treatment. The prosecutor recommended an exceptional sentence of 120 months.

Mr. Koivu conceded there were sufficient aggravating factors for the court to impose an exceptional sentence, but told the court that he had only agreed to plead guilty to the charge of child molestation to receive a reduced sentence. Mr. Koivu argued the plea agreement was illusory because the prosecutor had reduced the charge and then recommended a sentence higher than the standard range for the original charge. The prosecutor denied the agreement was illusory and argued that the State had the authority to reevaluate the plea agreement after learning that Mr. Koivu was not amenable to treatment. The prosecutor further asserted that the plea agreement was not illusory because Mr. Koivu was charged with a lesser crime which carried a lower standard range.

The court determined there were compelling reasons to impose an exceptional sentence based on multiple incidents and abuse of a position of trust. Mr. Koivu was sentenced to 120 months. The dispositive issue on appeal is whether the prosecutor violated the terms of the plea agreement.

## DISCUSSION

A defendant may enter a plea to a lesser offense in exchange for the prosecutor's agreement not to file a particular charge or in exchange for the prosecutor's recommendation to the court that a particular sentence be within the standard range. RCW 9.94A.080. A plea agreement is analogous to a contract right and a prosecutor is required to adhere to the terms of the agreement. *State v. Gutierrez*, 58 Wn. App. 70, 74, 791 P.2d 275 (1990); *State v. James*, 35 Wn. App. 351, 355, 666 P.2d 943, *review denied*, 100 Wn.2d 1023 (1983). A sentencing judge, however, is not bound by any recommendation contained in the plea agreement. RCW 9.94A.090(2); *Gutierrez*, at 74-75. A defendant is to be so informed at the time of the hearing. *State v. Jones*, 46 Wn. App. 67, 70, 729 P.2d 642 (1986); D. Boerner, *Sentencing in Washington* § 12.26, at 12-51 (1985).

In his guilty plea statement, Mr. Koivu, who was represented by counsel, set forth his understanding of the prosecutor's recommendations:

Reduce from 1° rape of child. Recommend [special sexual offender sentencing alternative] if amenable to treatment. Deputy Prosecutor . . . has received written confirmation (attached as an Appendix A) from State of Idaho, County of Clearwater that no charges similar in nature will be filed against defendant.

Mr. Koivu's assertion on appeal that the agreement was illusory ignores the context in which the plea agreement was entered. The prosecutor agreed to recommend that Mr. Koivu receive a sexual offender sentence only if Mr. Koivu were amenable to treatment. Neither the prosecutor nor defense counsel knew at the time the plea was entered that the presentence report would indicate that Mr. Koivu was not amenable to treatment. Had the condition precedent of amenability been met, the prosecutor would have been required to recommended the alternative sentence. *Gutierrez*, at 74. Because it was not, the prosecutor was not bound to recommend a sexual offender sentence and was entitled to recommend an exceptional sentence. The prosecutor did not violate the plea agreement.

 Further, the plea agreement is not illusory because, in exchange for Mr. Koivu's promise to plead guilty, the prosecutor obtained confirmation that Mr. Koivu would not be charged with rape of a child or child molestation in Idaho. That alone is sufficient to indicate that the plea agreement was not illusory. RCW 9.94A.080.

Even if the prosecutor had recommended a sexual offender sentence, a sentencing court is not bound by the sentencing recommendation of the prosecutor. Mr. Koivu was informed of that fact before his plea of guilty was accepted by the court. He indicated he understood the court's comments. The court did not err in imposing an exceptional sentence of 120 months.

 Mr. Koivu, pro se, makes several allegations concerning his arrest and conviction, including that he was not advised of his *Miranda*[1] rights until 15 days after his arrest, he was not shown a copy of his arrest warrant until October

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966).

1991, he was denied effective assistance of counsel, and he suffers from severe life threatening sleep apnea. These issues are outside the record on appeal and, therefore, will not be addressed.

The State did not violate the plea agreement. The imposition of Mr. Koivu's exceptional sentence is affirmed.

SHIELDS, C.J., and MUNSON, J., concur.

Review denied at 121 Wn.2d 1026 (1993).