2015 DEC 28 AM 11: 23

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73938-7-I |
| Respondent, | ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| QUALAGINE APERO HUDSON, | ) ) | |
| Appellant. | ) ) | FILED: December 28, 2015 |
| | ) | |

APPELWICK, J. — Hudson pleaded guilty to charges related to a vehicle theft scheme. He argues that he should be permitted to withdraw his guilty plea, because his plea agreement with the State was not entered into the record. He contends the trial court deprived him of his constitutional rights by denying him an evidentiary hearing when the State asserted that he violated the plea agreement. He asserts that the trial court was not authorized to impose the community custody portion of his sentence. We vacate Hudson's judgment and sentence and remand to the trial court for an evidentiary hearing.

## FACTS

In January 2012, Qualagine Hudson was arrested in Pierce county for his involvement in an automobile theft ring. The State charged him with eleven counts: four counts of trafficking in stolen property in the first degree, three counts of theft

of a motor vehicle, two counts of attempted theft of a motor vehicle, leading organized crime, and conspiracy to commit theft of a motor vehicle.

The State reached a plea agreement with Hudson.[1] Pursuant to the agreement, Hudson would be released from custody but stay in daily contact with law enforcement. He would assist the police in ongoing investigations. He would commit no further criminal acts. And, he would be completely truthful with the State, law enforcement, the defense attorney, and all police agencies. If Hudson complied, the State would vacate all charges except one count of attempted theft of a motor vehicle.

Hudson pleaded guilty to all eleven counts. The court entered Hudson's guilty plea on July 12, 2012. Before doing so, the court reviewed the plea agreement and questioned Hudson to ensure his plea was knowing, voluntary, and willful. Hudson was released from custody pending sentencing.

After his release, Hudson was charged in King County for new allegations related to the theft of a vintage automobile. A bench warrant was issued for his arrest on November 6, 2012. Hudson was apprehended and held in custody until sentencing.

On June 6, 2014, Hudson was sentenced for the original charges. Hudson's attorney explained that Hudson believed he had met the terms of the plea agreement. The State replied that Hudson violated the agreement, because he disappeared soon after being released and was arrested driving a stolen vehicle.

---

[1] Although the plea agreement itself was not made part of the record when Hudson originally pleaded guilty, the agreement is in the record on appeal.

But, the State conceded that the court could set a hearing to determine if Hudson violated the agreement. Hudson's attorney requested a hearing to determine if Hudson had violated the terms of the contract. But, instead the court decided to move forward with sentencing.

Hudson spoke directly to the sentencing court. He explained that he was confused about the plea agreement. Hudson noted that after being released, he kept in contact with law enforcement. He denied being arrested in a stolen vehicle, but he admitted that he "was not completely, 100 percent forthright about it, and that's kind of how things fell apart." Hudson made several additional comments acknowledging that he had hoped to renegotiate or revive the contract. He explained that he offered to testify in a murder case, but that was unsuccessful. His attorney's efforts to revive a new agreement with the prosecutor also fell through.

The State asked the court to impose a mid-range sentence of 173.5 months on the leading organized crime count. The court imposed 149 months on that count. Hudson appeals.

## DISCUSSION

Hudson seeks to withdraw his guilty plea or, alternatively, have the plea agreement specifically performed. He argues that he is entitled to do so, because the trial court failed to enter the plea agreement into the record and denied him an evidentiary hearing. Hudson further argues that the trial court exceed its authority by imposing a variable term of community custody. Hudson also contends, in a statement of additional grounds, that he received ineffective assistance of counsel.

I.  Plea Agreement on the Record

Hudson contends he is entitled to withdraw his guilty plea, because the plea agreement was not entered into the record when he pleaded guilty.  He asserts that the court's failure to enter the agreement into the record constitutes a violation of CrR 4.2(e).

CrR 4.2(e) and RCW 9.94A.431 require that the nature of a plea agreement and the reasons for it are stated to the court and made part of the record.  But, a plea agreement need not be in writing.  State v. Jones, 46 Wn. App. 67, 70, 729 P.2d 642 (1986).  CrR 4.2(e) does not require the plea agreement to be read into the record or if in writing, to be filed in the record.  See Id.

Here, the existence of the plea agreement was disclosed to the court.  The State provided the court with a copy of the agreement and asked the court to review it.  The court then reviewed the plea agreement before accepting Hudson's guilty plea.

Notwithstanding the fact that CrR 4.2(e) does not require the plea agreement to be read into the record, Hudson cites to State v. Perez, 33 Wn. App. 258, 654 P.2d 708 (1982) to support his argument.  There, the court questioned the defendant, Perez, when the guilty plea was entered.  Id. at 262.  It asked Perez if there were any other arrangements or agreements that might influence her plea.  Id.  Perez answered, "No."  Id.  But, it later became clear that there was an undisclosed agreement that had influenced her decision.  Id.  The Perez court held that this failure to spread the plea bargain on the record at the plea hearing—a clear violation of CrR 4.2(e)—was grounds for withdrawal of a plea.  Id. at 262-63.

4

But, Perez addressed a prior version of CrR 4.2(e). Before 1984, CrR 4.2(e) required plea agreements to be made part of the record at the time the plea was entered. See former CrR 4.2(e) (1983). It was amended to require that only the nature and reasons for the agreement be made part of the record. Former CrR 4.2(e) (1984).

Here, the court was aware of the nature and reasons for the agreement, because it reviewed the agreement itself. And, under the terms of the plea agreement, Hudson was to provide information about ongoing crimes to the Pierce County Auto Task Force between the time of his release and sentencing. Given the sensitivity of this agreement, we expect that the State had good reason to withhold the agreement from the record at the time Hudson's guilty plea was entered. Moreover, the parties have now made the agreement part of the record on appellate review. Hudson does not contend that the agreement before us is different than the one he made. We hold there was no violation of CrR 4.2(e), and Hudson is not entitled to withdraw his guilty plea.

II. Evidentiary Hearing

Hudson asserts that his constitutional rights were violated when the State represented that he had breached the plea agreement. He contends that the court was required to hold an evidentiary hearing, yet it denied his request for one.

Plea agreements affect the fundamental rights of the accused, implicating constitutional due process considerations. State v. Sledge, 133 Wn.2d 828, 839, 947 P.2d 1199 (1997). Once a plea has been entered, due process requires that the State abides by the agreement. In re Pers. Restraint of Palodichuk, 22 Wn.

5

App. 107, 109, 589 P.2d 269 (1978), abrogated on other grounds by State v. Henderson, 99 Wn. App. 369, 993 P.2d 928 (2000). If the State breaches the agreement, the defendant may withdraw any entered plea or insist that the agreement is specifically performed. In re Pers. Restraint of James, 96 Wn.2d 847, 849-50, 60 P.2d 18 (1982). However, the State is obligated to perform the agreement only if the defendant has also complied with the terms of the agreement. Id. at 850.

The State may not simply accuse a defendant of postplea crimes to avoid its obligation to comply with the agreement. Id. at 851. Instead, due process requires an evidentiary hearing, at which the State must prove by a preponderance of the evidence that the defendant failed to perform the agreement. Id. at 850. Otherwise, a defendant who is accused of postplea crimes but later acquitted could lose the benefit of the bargain. Id. at 851. The State bears the heavy burden of showing a voluntary, knowing, and intelligent waiver of the right to a hearing; we will not presume waiver. Id.

The State relies on Hall for the proposition that an evidentiary hearing is not necessary when there is no question that the defendant breached the agreement. See State v. Hall, 32 Wn. App. 108, 110, 645 P.2d 1143 (1982).[2] But, Hall is distinguishable. It relied on the uncontested fact that the defendant had lied about his name in procuring the plea agreement. Id. at 110. This act of fraud allowed

---

[2] Review was denied in Hall after the Supreme Court issued its opinion in James. State v. Hall, 97 Wn.2d 1037 (1982). But for the specific facts in Hall regarding fraud in inducing the plea agreement, the result cannot be reconciled with the holding in James that there is a constitutional right to an evidentiary hearing. Similar facts are not present here.

the judgment to be vacated under CR 60. Id. at 111. It did not address a question of fact about whether the plea agreement had been violated after being consummated. See id. 108-11. It does not contradict the Supreme Court's position in James that a defendant has the constitutional right to an evidentiary hearing to determine whether he violated the terms of a plea agreement. James, 96 Wn.2d at 850-51.

Moreover, Hudson contested whether he was in violation of the plea agreement. His attorney communicated that fact to the trial court. The prosecutor told the trial court that Hudson pleaded guilty after promising to assist law enforcement and then disappeared. And, the prosecutor said that a warrant was issued for Hudson's arrest, and he was apprehended driving a stolen vehicle. Counsel were both aware of the appropriateness of an evidentiary hearing. The prosecutor concluded that Hudson had violated the plea agreement, but noted that the trial court could hold an evidentiary hearing if it saw fit. Hudson's attorney then asked, "Will the Court permit, as opposing counsel suggests, that there be a determination of a future hearing to determine if he's met the terms of the agreement?" Clearly, Hudson had not waived his right to an evidentiary hearing. Rather, we interpret defense counsel's question as an explicit request for an evidentiary hearing. Yet, the trial court denied this request, deciding to move forward with sentencing.

The State also argues that Hudson's subsequent statements during sentencing demonstrate that an evidentiary hearing was unnecessary. During sentencing, Hudson stated that he was confused as to why the State was not

7

following the agreement. He explained, "I was not arrested in a stolen vehicle. The vehicle was in question that [a law enforcement officer] thought maybe I knew some knowledge about. I was not completely, 100 percent forthright about it, and that's kind of how things fell apart." The State would have us treat this statement as an admission that Hudson violated the agreement, because he had agreed to provide truthful information to law enforcement at all times. We disagree that it is an adequate admission of a violation of the plea agreement. But, even if we agreed that this was sufficient, it occurred after denial of his right to an evidentiary hearing. The State cites no authority for the proposition that the constitutional violation in denying a hearing was rendered moot or harmless by a later admission that he violated the plea agreement. We decline to adopt such a proposition.

Therefore, we hold that Hudson's constitutional rights were violated by the trial court's decision not to grant an evidentiary hearing on whether Hudson violated the plea agreement. We remand to the trial court for an evidentiary hearing.[3]

III.    Ineffective Assistance of Counsel

In a statement of additional grounds, Hudson asserts he received ineffective assistance of counsel from two of his attorneys. He claims one of his attorneys, Aaron Talney, provided ineffective assistance by failing to challenge the termination of the plea agreement when Hudson was first taken into custody. And,

---

[3] In a statement of additional grounds, Hudson contends that the State was required to recommend the sentence it laid out in the plea agreement. Hudson also challenges the community custody portion of his sentence. Because we hold that the trial court must provide Hudson with an evidentiary hearing before resentencing him, we do not reach these issues.

8

he asserts that another attorney, John Crowley, did so by refusing to withdraw the plea at sentencing.

To prevail on an ineffective assistance of counsel claim, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defendant. State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). We presume counsel's performance to be effective, and the burden is on the defendant to show otherwise. State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). To establish prejudice, the defendant must show a reasonable probability that the outcome would have been different without counsel's deficient performance. State v. Thomas, 109 Wn.2d 222, 226, 743 P.2d 816 (1987).

Hudson claims that Talney failed to act to protect Hudson's rights after Hudson was taken into custody. The record is devoid of objective facts relating to Talney's representation of Hudson. It contains only Hudson's prior allegations of Talney's ineffective assistance. But, even assuming Talney's representation was deficient in the ways Hudson claims, Hudson nonetheless fails to establish prejudice. Talney withdrew from representing Hudson and was later replaced by Crowley. Crowley began representing Hudson a year before Hudson was sentenced. Crowley represented Hudson at the sentencing hearing. The ultimate outcome Hudson challenges is his sentence, imposed at that hearing. There are no facts in the record connecting Talney's performance to this sentence. We

cannot conclude that the outcome of the sentencing hearing would have been different had Talney performed differently.[4]

We vacate the judgment and sentence and remand for resentencing consistent with this opinion.

WE CONCUR:

---

[4] Hudson also contends that Crowley provided ineffective assistance of counsel by refusing to enforce the plea agreement or have Hudson's plea withdrawn. But, Crowley properly requested an evidentiary hearing which could have resulted in enforcement of the plea agreement. Since refusal to grant that hearing results in remand, we need not address Crowley's alleged ineffectiveness further.