THE STATE OF OHIO, APPELLEE, *v.* PASCALL, APPELLANT.

(No. 7018—Decided December 27, 1972.)

*Mr. Stephen M. Gabalac,* prosecuting attorney, and *Mr. Dennis J. Bartek,* for appellee.

*Mr. Albert S. Rakas* and *Mr. Clarence L. Becker,* for appellant.

MAHONEY, J. This is the second appeal on a petition for postconviction relief, wherein this court had heretofore remanded this matter to the trial court to conduct an evidentiary hearing on the circumstances surrounding the entering of a plea of guilty by the defendant, Grady F. Pascall, to a charge of burglary, on April 2, 1967, and his subsequent sentencing on September 26, 1967.

The trial court found that the assistant county prosecutor promised the defendant that he would recommend probation for the defendant at the time of sentencing, if the defendant would plead guilty. The record reveals that the plea was entered, and a pre-sentence investigation ordered. Thereafter, the defendant was indicted, tried, and found guilty of the charges of armed robbery and burglary. On September 26, 1967, he appeared in court for sentencing.

The reviewing court found that, at the time of that sentencing, the assistant prosecuting attorney did not make a recommendation of probation, and the defendant was sentenced to the Ohio State Penitentiary on both the burglary and the armed robbery charges.

The reviewing court denied the postconviction relief, and this appeal is lodged here, assigning two errors, as follows:

"1. The [trial] court erred in failing to find that representations made by the prosecutor to appellant constituted an unfulfillable promise which voided appellant's guilty plea.

"2. The [trial] court erred in failing to vacate appellant's conviction where the record shows that the Prosecutor promised to recommend probation in return for appellant's guilty plea and then failed to fulfill his promise while holding appellant to his plea."

The court finds that the first assignment of error is not well taken. A reading of the transcript of proceedings clearly shows that the reviewing court could easily find that the assistant prosecuting attorney promised only to "recommend" probation, not to actually give or grant defendant probation, and that such promise was "unfulfillable."

The second assignment of error is likewise untenable. This court holds that when a defendant, as a result of "plea bargaining," enters a plea of guilty in exchange for the prosecutor's promise to recommend probation, there is an implied promise by the defendant that the circumstances under which the bargain was made will remain substantially the same. A subsequent change, such as the conviction here of armed robbery, is sufficient to justify and excuse the prosecutor from fulfilling his promise to recommend probation. To require the prosecutor to fulfill his promise, *or* to permit the defendant to withdraw his plea, would, in effect, *reward* the defendant for his unlawful conduct. The defendant's conduct placed the prosecutor in a situation where he could not fulfill his promise because of the change of circumstances. This is "fundamental fairness."

The judgment of the trial court must be affirmed.

*Judgment affirmed.*

HUNSICKER, P. J., and McLAUGHLIN, J., concur.

HUNSICKER, P. J., retired, and McLAUGHLIN, J., retired, of the Fifth Appellate District, were assigned to active duty under authority of Section 6(C), Article IV, Constitution, in the Ninth Appellate District. MAHONEY, J., of the Court of Common Pleas of Summit County, sitting by designation in the Ninth Appellate District.