*In re* A.R.E.G. (The People of the State of Illinois, Petitioner-Appellee, v. A.R.E.G., Respondent-Appellant).

Fourth District   No. 4—88—0755

Opinion filed August 24, 1989.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Michael K. Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

After entering an admission to a juvenile petition in Champaign County, A.R.E.G. was adjudicated a delinquent minor and placed on 18 months' probation and ordered to serve 28 days in the Champaign County Detention Center. The respondent appeals and requests a new dispositional hearing.

A delinquency petition was filed on April 22, 1988, alleging the respondent was a delinquent minor for committing a misdemeanor retail theft. On August 12, 1988, while adjudication was pending on the original petition, a supplemental petition was filed alleging the respondent committed another misdemeanor retail theft. The State offered to dismiss the April 22, 1988, petition if the respondent would

agree to an admission of the August 12, 1988, petition. In exchange for the respondent's admission, the State agreed to abide by Court Services' recommendation, and "under no circumstances *** recommend anything harsher than probation."

The court accepted the respondent's admission, found him to be a delinquent minor and scheduled a dispositional hearing for September 29, 1988. At the dispositional hearing the prosecutor informed the court two additional petitions had been filed against the respondent after the court accepted his admission to the August 12, 1988, petition. The prosecutor advised the court the State was abandoning the original agreement and would be presenting evidence in support of the two additional petitions. The record reflects defense counsel understood the change in the State's sentencing recommendation and neither raised any objection, nor argued for enforcement of the original agreement.

Evidence was presented by both sides regarding the two new petitions charging the respondent with aggravated battery (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(6)), criminal trespass to real property (Ill. Rev. Stat. 1987, ch. 38, par. 21—3(a)), and theft under $300 (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(d)(1)).

The prosecutor recommended the court commit the respondent to the Department of Corrections, Juvenile Division, and defense counsel requested community supervision. The court felt the Department of Corrections was an inappropriate placement, but noted the State's recommendation was not unreasonable in light of the minor's additional delinquent activity. The court placed the respondent on 18 months' probation including 28 days in the Champaign Detention Center. The respondent bases his appeal on the alleged prosecutorial breach of the plea agreement.

The present case raises the issue of whether the appellate court should consider an issue on review which has not been properly preserved at the trial court level. It is an accepted rule of law that issues not raised at trial are waived absent plain error. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124, *cert. denied* (1988), 488 U.S. 917, 102 L. Ed. 2d 263, 109 S. Ct. 274; *People v. Bailey* (1988), 177 Ill. App. 3d 679, 532 N.E.2d 587.) The plain error exception to the waiver rule will be applied only when substantial rights of the defendant are affected or the evidence in the case is closely balanced. (*People v. Stewart* (1984), 104 Ill. 2d 463, 473 N.E.2d 1227; *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) Such error is not present in this case.

The facts in the present case show the respondent received a dis-

position of probation because the court was unwilling to take the State's recommendation. The respondent did not object to the alleged breach of the agreement and did not adequately preserve this issue for review.

■ On the merits, the respondent could not prevail on the basis of a prosecutorial breach of the plea agreement. He relies on *People v. Davis* (1981), 94 Ill. App. 3d 809, 419 N.E.2d 724, in which the prosecutor agreed to make no specific sentencing recommendation in return for the defendant's plea of guilty to voluntary manslaughter. At sentencing, the prosecutor vigorously argued the defendant was not a good candidate for probation. The appellate court agreed the prosecution had breached the plea and remanded the action for a new sentencing hearing pursuant to *Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495. *Santobello* provides guidelines for State adherence to plea agreements and remedies for breach. *Santobello* holds when a guilty plea rests on the promise of a prosecutor and when that promise provides the inducement of the plea, the promise must be fulfilled.

■ The present case and *Davis* are factually dissimilar. The defendant in *Davis* did nothing to alter the conditions of the plea agreement. In this case, the respondent altered the circumstances of the agreement by engaging in additional delinquent activity during the time between his adjudication and dispositional hearing. The State argues an implied condition exists which provides the respondent will remain crime free pending disposition. We agree, and various jurisdictions support this position.

In *Ohio v. Pascall* (1972), 49 Ohio App. 2d 18, 358 N.E.2d 1368, the defendant pleaded guilty to burglary in exchange for the State's recommendation of probation. Prior to sentencing on the burglary charge, the defendant was indicted, tried, and convicted of armed robbery and burglary. At defendant's sentencing hearing on the first burglary conviction, the prosecutor did not recommend probation and the defendant was sentenced to the penitentiary. The defendant appealed based on breach. *Pascall* stated:

> "A subsequent change, such as the conviction here of armed robbery, is sufficient to justify and excuse the prosecutor from fulfilling his promise to recommend probation. To require the prosecutor to fulfill his promise, *or* to permit the defendant to withdraw his plea, would, in effect, *reward* the defendant for his unlawful conduct. The defendant's conduct placed the prosecutor in a situation where he could not fulfill his promise because of the change of circumstances." (Emphasis in original.)

(*Pascall*, 49 Ohio App. 2d at 20, 358 N.E.2d at 1369.)

Also, in *Washington v. Yates* (1975), 13 Wash. App. 116, 533 P.2d 846, the defendant was convicted of forgery and appealed based on prosecutorial breach of the plea bargain. The State agreed to recommend a deferred sentence if the defendant would plead guilty. The court held the agreement was breached when the defendant fled the State prior to sentencing. The *Yates* court stated:

> "The understanding between the defendant and the prosecutor was breached by the defendant when he did not return for sentencing. Thus, the prosecutor was no longer required to recommend a deferred sentence for the defendant." *Yates*, 13 Wash. App. at 118, 533 P.2d at 847.

■ *Santobello* holds a plea agreement entered into between the State and the defendant must be honored if breached by the State. In this case the breach was committed by the respondent due to his continued delinquent behavior prior to disposition. Under this change in circumstances, the State was not obligated to honor the original sentencing recommendation. While the issue of breach was not adequately preserved for review, we choose to address the respondent's failure to demonstrate good faith in regard to the spirit of the plea agreement.

■ The respondent argues the prosecutor's recommendation of commitment to the Department of Corrections compelled the court to place stringent conditions on his probation. The disposition of this case is within the scope of the original agreement because the prosecutor initially agreed to recommend "nothing harsher than probation." The respondent was not prejudiced. The respondent failed to preserve the issue for review. Further, no issue is actually presented as he breached the agreement yet still received the disposition bargained for. Respondent has no grounds to complain about the stringent conditions of probation given his additional delinquent behavior. His appeal is totally without merit.

Affirmed.

LUND and GREEN, JJ., concur.