DECISION AND JUDGMENT ENTRY
Opinion
In 1990, as the result of a plea agreement, Defendant-Appellant Timothy Dotson entered pleas of guilty to two counts of rape, one count of gross sexual imposition, and two counts of sexual imposition in the Washington County Court of Common Pleas. The trial court sentenced appellant to an indefinite term of ten to twenty-five years in prison. The state, on June 5, 1997, moved the trial court to designate appellant a sexual predator, pursuant to the provisions of R.C. 2950.09(C). After a hearing on June 28, 1999, the trial court, by entry filed July 6, 1999, found appellant to be a sexual predator as defined by R.C. 2950.01(E).
Appellant timely filed this appeal of the decision of the trial court, raising five assignments of error for our consideration:
 I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN DETERMINING DOTSON TO BE A SEXUAL PREDATOR AS DEFINED IN RC § 2950.01(E). JOURNAL ENTRY, JULY 6, 1999. IN VIOLATION OF DOTSON'S RIGHTS AS GUARANTEED BY ART. I, §§ 1, 2, 16 AND ART. II, § 28, OHIO CONSTITUTION; AND ART. I, § 10, AND THE 5TH AND 14TH AMENDMENTS, U.S. CONSTITUTION.
 II. DOTSON WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN TWO RESPECTS. FIRST, COUNSEL DID NOT PREPARE FOR THE HEARING. SECONDLY, DOTSON WAS PREJUDICED BY BEING FORCED TO PROCEED WITHOUT AN INDEPENDENT ADVERSARY PURSUANT TO STATUTE. ART. I, §§ 10, 14 AND 16, OHIO CONSTITUTION; 5TH, 6TH, AND 14TH AMENDMENTS, U.S. CONSTITUTION.
 III. RC § 2950.09 VIOLATES DOTSON'S CONSTITUTIONALLY PROTECTED RIGHTS UNDER ART. I, § 1 OF THE OHIO CONSTITUTION; 5TH AND 14TH AMENDMENTS, TO U.S. CONSTITUTION.
 IV. RC § 2950.09(B)(1) DOES NOT ESTABLISH WHO HAS THE BURDEN OF PROOF IN A SEXUAL PREDATOR DETERMINATION HEARING. ART. I, § 16, OHIO CONSTITUTION; 5TH AND 14TH AMENDMENTS, U.S. CONSTITUTION.
 V. APPLICATION OF SUBSTANTIALLY REVISED RC § 2950 TO DOTSON IS A VIOLATION OF THE EX POST FACTO CLAUSES OF THE OHIO AND U.S. CONSTITUTION.
 I.
In his First Assignment of Error, appellant asserts bias and error by the trial court in finding him to be a "sexual predator."[1] Appellant argues that the trial court erred with respect to five "issues" in this assignment of error: (1) the trial court's failure to specify that it determined appellant to be a sexual predator under R.C. 2950.09(C); (2) appellant's request for substitute counsel; (3) appellant's interest in completing his sentence under the law in force at the time his sentence was imposed; (4) the state's breach of the contract formed by appellant's plea agreement; and (5) appellant's "property interest" in the integrity of his plea agreement. Appellant argues that the trial court abused its discretion with respect to each issue.
An abuse of discretion is more than a mere error of law or judgment. Rather, it implies that the trial court's decision is unreasonable, arbitrary, or unconscionable. See State v. Moreland (1990),50 Ohio St.3d 58, 61, 552 N.E.2d 894, 898. When applying an abuse of discretion standard, we may not substitute our judgment for that of the trial court. See Berk v. Matthews (1990), 53 Ohio St.3d 161, 169,559 N.E.2d 1301, 1308.
We note that appellant's second issue, and a portion of his argument under the third issue, concern ineffective assistance of counsel, an issue raised in appellant's Second Assignment of Error. Accordingly, we reserve discussion of these issues for our analysis of the Second Assignment of Error in Section IV infra. We now turn to the remaining issues raised by appellant in his First Assignment of Error.
 II.
In his first issue, appellant argues that the trial court erred by failing to expressly state that it found appellant to be a sexual predator "pursuant to division (C)" of R.C. 2950.09. The court's judgment entry stated, "Upon consideration of the evidence presented, the files and records of the case, the presentence investigation report, and O.R.C. 2950.09(B), the Court FINDS that the Defendant is a sexual predator as defined in O.R.C. 2950.01(E)." Appellant argues that the trial court's judgment does not satisfy the requirements of R.C. 2950.09.
Appellant was convicted and sentenced in 1990, well before the effective date of R.C. 2950.09.[2] Thus, the classification provisions of R.C. 2950.09(C) apply to appellant. See R.C. 2950.09(C)(1). When a trial court determines that an offender is a sexual predator under R.C.2950.09(C), the court must "specify that that determination was pursuant to division (C) of this section." R.C. 2950.09(C)(2). Appellant contends that the trial court's determination that he is a sexual predator "as defined in O.R.C. 2950.01(E)" does not satisfy the requirements of R.C.2950.09(C)(2). As a result, appellant argues that the court's judgment is invalid. We disagree.
The record establishes that the trial court conducted the sex offender classification proceedings in accordance with R.C. 2950.09(C). The court's entry states that the court held a hearing and considered the factors listed under R.C. 2950.09(B), as R.C. 2950.09(C) requires. The fact that the trial court did not expressly state that its finding was "pursuant to division (C)," is a clerical error that does not invalidate the court's judgment entry. See, e.g., State v. McKinsey (July 1, 1999), Cuyahoga App. No. 72798, unreported (holding that "[w]hile we find the court erred by labeling defendant a sexual predator under R.C. 2950.09(A), we nonetheless affirm the sexual predator determination under R.C.2950.09(C)").
We find that the trial court properly applied R.C. 2950.09(C) in classifying appellant as a sexual predator. Accordingly, we find no merit to appellant's first issue under the First Assignment of Error. Pursuant to our authority to modify the trial court's judgment under App.R. 12(A)(2), we modify the judgment entry to reflect that the trial court's finding is pursuant to division (C) of R.C. 2950.09.
 III.
Appellant's third, fourth and fifth issues are related. Appellant argues that there is abuse of discretion by the trial court because the finding that he is a sexual predator unconstitutionally modified his original sentence. Appellant states that his original plea was the result of a plea agreement with the state. Therefore, he argues an implied condition exists that the circumstances underlying that plea agreement will remain constant, citing State v. Pascall (1972), 49 Ohio App.2d 18,358 N.E.2d 1368.
Next, appellant argues that his plea agreement was contractual in nature, and that the trial court, by adjudicating him to be a sexual predator, violated that contract. Because he entered the plea agreement without full knowledge of the consequences and maximum penalty, he concludes that this sexual predator finding should now void his earlier plea. He quotes Baker v. United States (C.A.6, 1986), 781 F.2d 85, 90: "[a] plea bargain itself is contractual in nature and subject to contract-law standards." Id.
Finally, appellant argues that he has a constitutionally protected interest in his plea agreement. He concludes that the imposition of the reporting requirements required by the sexual predator statute modified this plea agreement. He argues that we should, therefore, remand this matter for further consideration as to whether these circumstances require specific performance of the plea agreement or withdrawal of the plea. He cites in support of his position Santobello v. New York (1971),404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427. In the alternative, he argues that the modification of the plea agreement is evidence of bias. He concludes that this bias is evidence of an abuse of discretion on the part of the trial court. See State v. Adams (1980), 62 Ohio St.2d 151,404 N.E.2d 144.
A guilty plea that is not voluntarily and intelligently entered violates a defendant's constitutional due process rights and must be vacated. See State v. Ballard (1981), 66 Ohio St.2d 473, 478-79,423 N.E.2d 115, 120. Thus, the trial court must inform a defendant of the direct consequences of a guilty plea, such as the nature of the charges, the maximum penalty, the effect of the plea, and that the defendant understands that he is waiving certain constitutional rights. See Crim.R. 11(C)(2); accord State v. Stewart (1977), 51 Ohio St.2d 86,364 N.E.2d 1163. However, the court is not required to inform the defendant of the collateral consequences of his plea. See Brady v.United States (1970), 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747,760. Direct consequences are those that have a "definite, immediate and automatic effect upon punishment." Id. at 755; accord State v. Qualls
(Mar. 4, 1999), Cuyahoga App. No. 72793, unreported.
The Supreme Court of Ohio has determined that the sex offender classification, registration, and notification requirements of R.C. Chapter 2950 do not constitute criminal punishments. See State v. Cook
(1998), 83 Ohio St.3d 404, 700 N.E.2d 570. A sexual predator classification hearing under R.C. 2950.09 is a civil proceeding, not a criminal trial. The statute's purpose is remedial; it addresses a current situation, i.e., the likelihood that certain sex offenders present a risk of committing additional offenses, rather than punishing past conduct.Id.
We find that appellant's classification as a sexual predator does not violate his due process rights. The provisions of R.C. Chapter 2950 do not alter the conditions of appellant's plea agreement because they do not impose a criminal punishment. Appellant has "no reasonable right to expect that [his] conduct will never thereafter be made the subject of legislation." State ex rel. Matz v. Brown (1988), 37 Ohio St.3d 279,282, 525 N.E.2d 805, 808. Appellant's classification as a sexual predator is collateral consequence of his decision to plead guilty to the sexually oriented offenses. Accordingly, appellant's third, fourth, and fifth issues under the First Assignment of Error are without merit.
For the reasons stated above, we OVERRULE appellant's First Assignment of Error.
 IV.
On June 28, 1999, prior to the start of the sexual predator classification hearing, appellant's trial counsel moved to withdraw based on appellant's desire to have a particular attorney appointed to represent him. The trial court denied the request and directed counsel to proceed with the representation of appellant at the classification hearing.
Appellant raised as "Issue No. 2," in his First Assignment of Error, an abuse of discretion by the trial court, because the court denied his trial counsel's motion to withdraw. Appellant argues that this ruling by the trial court denied him his choice of counsel, thereby denying him effective assistance of counsel. Appellant again raises this issue as part of his argument under "Issue 3" in his First Assignment of Error. There he argues the denial of counsel of his choice precluded him the opportunity to subpoena witnesses and records, as well as to obtain expert testimony in support of his defense. We will consider these arguments in conjunction with our analysis of appellant's Second Assignment of Error. In his Second Assignment of Error appellant directly raises the issue of ineffective assistance of counsel as a denial of his right to due process under the Sixth and Fourteenth Amendments to the United States Constitution. We address each of these in turn.
 A.
On June 4, 1997, the DRC filed with the trial court its recommendation that appellant be classified as a sexual predator. In response, the trial court ordered a hearing to be set for September 22, 1997, to consider this matter and appointed a public defender to represent appellant. The public defender moved to dismiss this matter based on several legal theories, including an attack on the constitutionality of the statute. Counsel filed several memoranda in support of appellant's motion. On June 9, 1997, the trial court denied appellant's motion to dismiss.
Shortly thereafter, the public defender sought leave to withdraw and requested that the trial court appoint new counsel for appellant. The court granted this request on June 30, 1997. The new counsel represented appellant through the completion of the classification hearing in 1999. The record reflects that, immediately upon appointment, appellant's new counsel renewed appellant's motion to dismiss the classification hearing and filed a discovery request.
Thereafter, at the request of the state, the court cancelled the classification hearing and postponed any further hearing until after appellant's release or parole, which was projected to be in October 2000. The court also stayed further discovery requests and related motions until February 2000. However, the record reveals that the trial court held two status conferences: the first in October 1998; the second in April 1999. Appellant's counsel participated in both these conferences, renewing the discovery requests. At the second status conference, the trial court ordered the release of the presentence investigation report to counsel, and set the matter for final hearing on June 28, 1999.
Appellant argues that the trial court abused its discretion when it refused to appoint him counsel of his choice. We disagree. The grant or denial of a defendant's request for new court-appointed counsel rests within the sound discretion of the trial court. See State v. Coleman
(1988), 37 Ohio St.3d 286, 292, 525 N.E.2d 792, 798-99. Furthermore, while a criminal defendant has the right to court-appointed counsel, a defendant is not entitled to his or her choice of appointed counsel. SeeThurston v. Maxwell (1965), 3 Ohio St.2d 92, 93, 209 N.E.2d 204, 205.
We will not reverse a trial court's decision to deny a defendant's request for new court-appointed counsel unless we find that the trial court abused its discretion. Appellant argues that there was no pressing need to proceed with the classification hearing because he was not scheduled for release from prison in the immediate future at the time of this ruling. While the trial court could have postponed the hearing to appoint new counsel, the record does not establish that the court should
have done so. There is no evidence that the trial court's decision to require appellant to proceed with his appointed counsel was arbitrary, unreasonable, or unconscionable.
Accordingly, we find that the trial court did not abuse its discretion in denying appellant's request for new appointed counsel. Appellant's second issue and the remainder of the third issue are without merit.
 B.
Appellant also raises a broader claim that his representation at the sexual predator hearing was ineffective. The burden rests upon appellant to demonstrate how counsel breached the duty to provide reasonable representation. See In re Hannah (1995), 106 Ohio App.3d 766, 769,667 N.E.2d 76, 78. A successful claim of ineffective assistance of counsel requires a two-prong analysis: "(a) [d]eficient performance, `errors so serious that counsel was not functioning as the counsel
guaranteed the defendant by the Sixth Amendment'; and, (b) [p]rejudice, `errors * * * so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" State v. Ballew (1996),76 Ohio St.3d 244, 255, 667 N.E.2d 369, 380, citing Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064,80 L.Ed.2d 674, 693.
We note that an issue exists as to whether appellant is even permitted to raise a claim of ineffective assistance of counsel at the sexual predator classification hearing. Given that sex offender classification proceedings are civil rather than criminal in nature, it is arguable that appellant does not have a constitutional right to appointed counsel in such cases. However, an indigent defendant has a statutory right to appointed counsel at a sexual predator classification hearing. See R.C.2950.09(B)(1). The right to counsel, whether that right is constitutional or statutory, is meaningless without the right to effective counsel. SeeStrickland, supra. Thus, we find that the Strickland standard for ineffective assistance of counsel applies to appellant's Second Assignment of Error.
The first prong of our inquiry under Strickland is whether counsel's performance fell below an objective standard of reasonable representation. In Ohio, a properly licensed attorney is presumed competent and the burden is on appellant to show counsel's ineffectiveness. See State v. Lytle (1976), 48 Ohio St.2d 391, 397,358 N.E.2d 623, 627; accord State v. Hamblin (1988), 37 Ohio St.3d 153,524 N.E.2d 476. Because of the difficulties inherent in determining whether counsel rendered effective assistance in any given case, judicial scrutiny of counsel's performance must be highly deferential. See Statev. Bradley (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373, 379. A strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. See id. at 142, 538 N.E.2d at 380.
The second prong is whether counsel's alleged ineffectiveness prejudiced appellant. See Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed.2d 180; accord Bradley. The establishment of prejudice requires proof "that there exists a reasonable probability that were it not for counsel's errors, the result * * * would have been different." Bradley, paragraph three of the syllabus.
Appellant argues that his appointed counsel provided ineffective assistance because counsel did not meet with him until the day of the classification hearing. Appellant claims prejudice by the failure of his counsel to investigate his institutional record, or to subpoena witnesses on his behalf. We disagree.
Appellant does not indicate how his counsel's failure to meet with him face-to-face prejudiced him; he has provided no explanation as to why he was unable to identify possible witnesses by mail. Absent a showing of prejudice, the mere failure to subpoena witnesses does not render trial counsel's assistance ineffective. See State v. Miller (July 27, 1999), Scioto App. No. 98 CA 2467, unreported; accord State v. Coulter (1992),75 Ohio App.3d 219, 230, 598 N.E.2d 1324, 1331. Finally, we note that the transcript of the classification hearing clearly indicates that appellant was permitted to present his institutional record to the trial court.
Appellant also claims counsel failed to obtain the testimony of an expert witness on his behalf. Presumably, he is referring to the testimony of a psychologist. The Supreme Court of Ohio stated in Cook
that a sexual predator hearing is similar to a sentencing hearing, and that such classification by the court is not considered punishment. Hence, the decision of whether expert psychological assistance must be provided at the sexual predator hearing is left to the sound discretion of the trial court for determination on a case-by-case basis. See State v.Hurayt (Apr. 29, 1999), Cuyahoga App. No. 73156, unreported; accord Statev. Esparza (1988), 39 Ohio St.3d 8, 529 N.E.2d 192.
An attorney's strategic decisions and trial tactics will not support a claim of ineffective assistance. See State v. Clayton (1980),62 Ohio St.2d 45, 48-49, 402 N.E.2d 1189, 1191-92. Trial counsel's choice of witnesses with which to present his evidence is a trial tactic. SeeState v. Hunt (1984), 20 Ohio App.3d 310, 312, 486 N.E.2d 108, 110. To demonstrate prejudice, the defendant must establish that the testimony of the witness would have significantly assisted the defense and that the testimony would have affected the outcome of the case. See Coulter,supra; accord State v. Reese (1982), 8 Ohio App.3d 202, 203,456 N.E.2d 1253, 1254.
The record indicates that trial counsel was unable to obtain funding for expert witness testimony from the Ohio Public Defender's Office. The record is silent as to whether trial counsel requested the court to order payment for the psychological testing of appellant. However, R.C. 2950.09
does not mandate the presence of an expert witness at a sexual predator hearing.
Expert testimony is among the types of evidence that may be offered by either party at the hearing required under R.C. 2950.09(B)(1), but the language of the statute does not require such evidence and, in any event, the presentation of such evidence would not require the court to adopt the expert's recommendation. State v. Watts (May 29, 1998), Montgomery County No. 16738, unreported; see State v. Russell (Apr. 22, 1999), Cuyahoga App. No. 72796, unreported.
The record reflects trial counsel's attempts to have the sexual predator classification hearing dismissed on constitutional grounds. Trial counsel conducted discovery in support of appellant's defense. Appellant raised no objections to trial counsel's performance until just before the date of the classification hearing, two years after the state's original motion. We do not find that trial counsel's performance fell below "an objective standard of reasonable representation." The record indicates that counsel provided competent representation at appellant's sexual predator classification hearing. Nor do we find that appellant has met his burden to demonstrate that trial counsel's performance prejudiced his defense.
Appellant has demonstrated neither deficient performance by his counsel, nor any prejudice to him arising from such alleged deficient performance. Both are required to prove a claim of ineffective assistance of counsel. See State v. Bey (1999), 85 Ohio St.3d 487, 504,709 N.E.2d 484, 500. We find that appellant's Second Assignment of Error is without merit. Accordingly, we OVERRULE appellant's Second Assignment of Error.
 V.
In his Third Assignment of Error, appellant raises constitutional challenges to R.C. Chapter 2950. Namely, that R.C. Chapter 2950: (1) is an oppressive and unreasonable use of police power because the registration and notification provisions are "unreasonable and arbitrary"; and (2) is violative of his inalienable right to privacy, a violation of which impacts his good reputation, his ability to purchase property, his ability to secure employment, and his right to pursue happiness. In the face of these and similar challenges, the Supreme Court of Ohio in State v. Williams (2000), 88 Ohio St.3d 513, 728 N.E.2d 342, unequivocally held R.C. Chapter 2950 to be constitutional. Accordingly, we OVERRULE appellant's Third Assignment of Error.
 VI.
Appellant, in his Fourth Assignment of Error, argues that R.C.2950.09(B)(1) does not establish who has the burden of proof. We disagree. Although the statute does not specifically state who bears the burden of proof, it is implicit from a reading of the entire statute that the burden is upon the movant: that is, the state. See Nosic, supra; accord State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported; State v. Collier (Oct. 6, 1998), Franklin App. No. 98AP-222, unreported. It is clear from the record of these proceedings that this burden was properly borne by the state in this matter. Accordingly, we OVERRULE appellant's Fourth Assignment of Error.
 VII.
Appellant argues in his Fifth Assignment of Error that the application of R.C. 2950.09 to him is a violation of the Ex Post Facto Clause of the United States Constitution. This Court has previously considered and rejected this same argument. See State v. Smith (July 20, 1998), Hocking App. No. 97CA10, unreported. Likewise, the Supreme Court of Ohio has also rejected this argument. See State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570, certiorari denied (1994), 510 U.S. 1040, 114 S.Ct. 681,126 L.Ed.2d 649. Accordingly, we OVERRULE appellant's Fifth Assignment of Error.
We OVERRULE appellant's First, Second, Third, Fourth, and Fifth Assignments of Error. Under the First Assignment of Error, we modify the trial court's judgment entry to reflect that the court determined appellant to be a sexual predator under division (C) of R.C. 2905.09. The judgment of the trial court is MODIFIED, and as modified, it is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be MODIFIED, and as modified, affirmed. It is further ordered that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J.: Concurs in Judgment and Opinion as to Assignments of Error III, IV and V; Concurs in Judgment Only as to Assignment of Error I and II. Harsha, J.: Concurs in Judgment Only.
 _____________________________ David T. Evans, Judge
[1] R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E).
[2] The General Assembly enacted R.C. 2950.09 in 1996 as part of Am.Sub.H.B. No. 180. Portions of H.B. 180, including R.C. 2950.09, became effective on January 1, 1997. For a more detailed discussion of the changes to Ohio's sex offender registration scheme that were instituted in H.B. 180, see State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570.