OPINION
Appellant Troy Doyle ("appellant") appeals the decision of the Muskingum County Court of Common Pleas on the basis that the trial court erred when it denied his request to withdraw his guilty plea and permitted Appellee State of Ohio to withdraw its recommendation for sentencing in contravention of the plea bargain. The following facts give rise to this appeal.
On July 6, 1998, deputies from the Muskingum County Sheriff's Department were dispatched, to Church Hill Road, to investigate a suspicious vehicle that had been seen in the area. Upon arrival, the deputies observed a gray, 1980 Chevrolet Citation parked along the side of the road. The deputies also observed, in a distance, two individuals, later identified as appellant and Todd Miley, walking away from J.T. Sands Trucking Company and approaching the Citation.
The deputies approached appellant and Mr. Miley and interviewed them. Following further investigation, the deputies discovered, along the side of the road near the truck parking lot, three pillow cases stuffed with radios and a small color television. These items had been removed from several of the trucks parked at the trucking company.
On July 8, 1998, the Muskingum County Grand Jury indicted appellant on one count of felony grand theft and four counts of misdemeanor theft. Appellant appeared in court, on July 29, 1998, and entered a plea of not guilty to the charges contained in the indictment. Following various delays, the trial court eventually scheduled this matter for trial on July 27, 1999. Appellant failed to appear for trial on this date and the trial court issued a bench warrant for his arrest. Appellant was arrested, pursuant to the warrant, on August 5, 1999.
On August 9, 1999, appellant appeared before the trial court, withdrew his not guilty plea and entered a guilty plea to the charges contained in the indictment. Appellant failed to appear for sentencing on September 15, 1999. The trial court issued a bench warrant for his arrest. Approximately six months later, appellant was again brought before the trial court for sentencing. At this hearing, appellant requested that he be permitted to withdraw his guilty plea. The trial court rescheduled this matter for a sentencing hearing on May 1, 2000. On this date, the trial court addressed appellant's motion to withdraw his guilty plea. The trial court denied appellant's request and proceeded to sentence appellant to a term of incarceration of eleven months for the felony count and six months for each of the four misdemeanor counts to be served concurrent to the felony count.
Following sentencing, the trial court reconvened and heard the testimony of appellant's probation officer, Eric Duemmel, who prepared the pre-sentence investigation report. The trial court asked Appellee State of Ohio for its recommendation as to sentencing. In response, Appellee State of Ohio withdrew its previous recommendation contained in the plea agreement due to appellant's failure to appear at the sentencing hearing on September 15, 1999. Appellee State of Ohio did not make a new recommendation for sentencing. Following receipt of this information, the trial court affirmed its previous sentencing order.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE MUSKINGUM COUNTY COMMON PLEAS COURT SHOULD HAVE GRANTED APPELLANT'S REQUEST TO WITHDRAW HIS PREVIOUS PLEA OF GUILTY.
 II. THE MUSKINGUM COUNTY COMMON PLEAS COURT ERRED WHEN IT PERMITTED THE STATE OF OHIO TO WITHDRAW ITS RECOMMENDATION IN CONTRAVENTION OF THE PLEA BARGAIN AND THEN FURTHER DID NOT ALLOW THE APPELLANT TO WITHDRAW HIS GUILTY PLEA.
 I
Appellant contends, in his First Assignment of Error, that the trial court erred when it denied his request to withdraw his plea of not guilty, prior to sentencing, without first conducting an evidentiary hearing. We agree.
"If a defendant moves to withdraw a guilty plea prior to sentencing, the court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Statev. East (March 22, 2001), Cuyahoga App. No. 77877, unreported, at 2, citing State v. Xie (1992), 62 Ohio St.3d 521, paragraph one of the syllabus. Further, if the trial court refuses to consider a motion to withdraw a guilty plea, the trial court abuses its discretion. East,supra, at 2, citing State v. Bekesz (1991), 75 Ohio App.3d 436,440-441.
The record, in the case sub judice, indicates that appellant filed apro se motion to withdraw his guilty plea on April 25, 2000. The record does not indicate that the trial court scheduled this matter for an evidentiary hearing. At the sentencing hearing conducted on May 1, 2000, the trial court judge stated that he had reviewed the rights explained to appellant, by Judge Fleegle, at the change of plea hearing and that appellant understood the nature of the proceedings. Tr. Sentencing Hrng., May 1, 2000, at 3. The trial court overruled both appellant's motion to withdraw his guilty plea and motion for new counsel. Id. at 4.
We find the trial court abused its discretion when it failed to conduct an evidentiary hearing on appellant's pre-sentence motion to withdraw his guilty plea. Accordingly, we remand this matter to the trial court for the court to conduct an evidentiary hearing on appellant's motion. Upon remand, the trial court will not abuse its discretion in denying appellant's motion to withdraw his guilty plea if it finds that:
 (1) the trial court went to unusual lengths to make certain that appellant fully understood the nature and consequences of the plea; (2) the appellant's attorneys were exceptionally qualified and diligent; (3) the appellant was afforded a full hearing on the motion to withdraw, permitting him to present any and all arguments in support of the motion; and (4) the court gave full, fair and careful consideration to the motion. State v. Peterseim (1980), 68 Ohio App.2d 211, 214.
Accordingly, we sustain appellant's First Assignment of Error.
 II
We will address appellant's Second Assignment of Error in the event the trial court finds that appellant was not entitled to withdraw his guilty plea. In his Second Assignment of Error, appellant contends the trial court erred when it permitted Appellee State of Ohio to withdraw its recommendation in contravention of the plea bargain and not allow him to withdraw his guilty plea. We disagree.
At the change of plea hearing conducted on August 9, 1999, the change of plea form contains the following recommendation by Appellee State of Ohio:
 The State recommends that the defendant receive Community Control and that as a sanction thereto, the defendant receive a 120 days sentence of local incarceration; that the defendant report to the Muskingum County Jail by 9:00 a.m. on September 15, 1999, to commence serving said sentence. The State further agrees that if the Defendant reports to jail on said date, by said time, that 60 days of said sentence will be suspended, and the defendant will be required to serve a full sixty days over an (sic) above any time previously incarcerated on this case. However Defendant shall receive credit for time served subsequent to his incarceration on August 4, 1999.
Appellant failed to appear for his sentencing on September 15, 1999, and the trial court issued a bench warrant for his arrest. Following his arrest, pursuant to the bench warrant, appellant appeared before the trial court on May 1, 2000, for sentencing. At the hearing, Appellee State of Ohio withdrew its recommendation it made at the change of plea hearing due to appellant's failure to appear for sentencing. Tr. Sentencing Hrng. at 9.
On appeal, appellant requests that we remand this matter, to the trial court, and if the trial court finds that Appellee State of Ohio is entitled to withdraw its recommendation it made at the change of plea hearing then he should be permitted to withdraw his guilty plea. We disagree with this argument and instead find that:
 * * * [W]hen a defendant, as a result of `plea bargaining,' enters a plea of guilty in exchange for the prosecutor's promise * * * there is an implied promise by the defendant that the circumstances under which the bargain was made will remain substantially the same. A subsequent change * * * is sufficient to justify and excuse the prosecutor from fulfilling his promise * * *. State v. Pascall (1972), 49 Ohio App.2d 18, 20.
We find, as did the Geauga County Court of Appeals in the case of Statev. Randazzo (Sept. 30, 1988), Geauga App. No. 1420, unreported, that appellant's failure to appear for the sentencing hearing permitted the prosecutor to withdraw its previous recommendation as to sentencing. Further, Appellee State of Ohio's right to withdraw its recommendation for sentencing did not automatically give appellant the right to withdraw his previous guilty plea.
Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, this matter is affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.
Wise, P.J., Edwards, J., and Boggins, J., concur.